# United States Court of Appeals for the Federal Circuit

---

**BENEFIT FUNDING SYSTEMS LLC** AND
**RETIREMENT CAPITAL ACCESS MANAGEMENT COMPANY LLC,**
*Plaintiffs-Appellants,*

v.

**ADVANCE AMERICA CASH ADVANCE CENTERS INC.** AND **CNU ONLINE HOLDINGS, LLC, formerly known as Cash America Net Holdings, LLC,**
*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - -

**BENEFIT FUNDING SYSTEMS LLC** AND
**RETIREMENT CAPITAL ACCESS MANAGEMENT COMPANY LLC,**
*Plaintiffs-Appellants,*

v.

**REGIONS FINANCIAL CORPORATION,**
*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - -

**BENEFIT FUNDING SYSTEMS LLC** AND
**RETIREMENT CAPITAL ACCESS MANAGEMENT COMPANY LLC,**
*Plaintiffs-Appellants,*

v.

**US BANCORP,**
*Defendant-Appellee.*

————————————

2014-1122, -1124, -1125

————————————

Appeals from the United States District Court for the District of Delaware in Nos. 1:12-CV-00801, 1:12-CV-00802, and 1:12-CV-00803, Judge Leonard P. Stark.

————————————

Decided: September 25, 2014

————————————

CASEY L. GRIFFITH, Klemchuk Kubasta LLP, of Dallas, Texas, argued for appellants.

MATTHEW J. DOWD, Wiley Rein LLP, of Washington, DC, argued for all defendants-appellees. With him on the brief for U.S. Bancorp were ANTHONY H. SON and RYAN M. CORBETT. On the brief for Regions Financial Corporation were MEREDITH MARTIN ADDY, PAUL A. GENNARI, and GRETCHEN P. MILLER, Steptoe & Johnson LLP, of Chicago, Illinois. On the brief for Advance America, Cash Advance Centers, Inc. were LEWIS S. WIENER, ANN G. FORT and STEPHANIE G. STELLA, Sutherland Asbill & Brennan LLP, of Atlanta, Georgia. On the brief for CNU Online Holdings, LLC were JOHN A. LEJA and MARK T. DEMING, Polsinelli PC, of Chicago, Illinois. Of counsel was GRAHAM L.W. DAY, of St. Louis, Missouri.

————————————

Before PROST, *Chief Judge,* LOURIE and HUGHES, *Circuit Judges.*

PROST, *Chief Judge*.

Appellants, Benefit Funding Systems LLC and Retirement Capital Access Management Company LLC, appeal from the district court's stay of patent infringement litigation pending covered business method review of the asserted claims. For the reasons set forth below, we affirm the district court's order staying the case.

BACKGROUND

Appellants sued Appellees, Advance America Cash Advance Centers, Inc., Regions Financial Corporation, CNU Online Holdings, and U.S. Bancorp, alleging that they infringed U.S. Patent No. 6,625,582 ("'582 patent"). The '582 patent covers a "system and method for enabling beneficiaries of retirement benefits to convert future benefits into current resources to meet current financial and other needs and objectives." '582 patent col. 8 ll. 35–38.

About ten months into the litigation, U.S. Bancorp filed a petition with the Patent Trial and Appeal Board ("PTAB") for post-grant review of the asserted claims under the Transitional Program for Covered Business Method Patents. *See* America Invents Act, Pub. L. No. 112-29, § 18, 125 Stat. 284, 329–31 (2011) ("AIA"). All Appellees then filed motions to stay litigation pending review. The district court denied those motions.

Subsequently, the PTAB instituted the requested covered business method ("CBM") review on the sole basis of subject matter eligibility under 35 U.S.C. § 101, holding that "it is more likely than not that the challenged claims are unpatentable." *U.S. Bancorp v. Ret. Capital Access Mgmt. Co.*, No. CBM2013-00014, slip op. at 2 (P.T.A.B. Sept. 20, 2013) (order instituting review). Appellees renewed their motions to stay, and the district court orally granted the motions. Appellants filed an interlocu-

tory appeal and we have jurisdiction under Section 18(b) of the AIA.

ANALYSIS

Section 18(b) of the AIA governs stays pending resolution of a CBM review. It identifies the following four factors that a district court should consider when deciding whether to grant a stay:

(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B) whether discovery is complete and whether a trial date has been set;

(C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

AIA § 18(b)(1).

The district court considered the above factors in granting the motions to stay and concluded that "the factors all strongly favor a stay." Oral Argument Hearing at 47, *Benefit Funding Sys. LLC. v. Advance Am. Cash Advance Ctrs., Inc.*, No. 1:12-cv-801 (D. Del. Oct. 25, 2013) ("Hearing Transcript"). As to the first factor, the district court determined that simplification of the issues was likely. It noted that "all of the asserted claims are the subject of the CBM review" and, given the PTAB's conclusion that the challenged claims are more likely than not unpatentable, "[t]here is a likelihood then that all of the asserted claims will be invalidated." *Id.* at 41. The district court also recognized that even if the PTAB finds the claims directed to patentable subject matter, "this

case will still be simplified as this Court will not have to resolve the Section 101 defense." *Id.* at 42.

As to the second factor, the district court pointed to the fact that "[d]iscovery is not complete and the trial date has not been set." *Id.* at 43. Specifically, "[w]hile document discovery may be substantially complete, no depositions have been taken, and we haven't gotten to expert discovery yet." *Id.* According to the district court, "it's very likely that the CBM reviews would finish much sooner than this case." *Id.* The district court thus concluded that the second factor also "strongly favors a stay." *Id.* at 44.

The district court found that the third factor also strongly favors a stay. It noted that "[t]he plaintiffs do not practice the patents and are not competitors of the defendants." *Id.* The district court pointed out that there may be some tactical advantage for defendants in a PTAB review, such as a reduced burden of proof concerning validity, but noted that any such tactical advantage is "a direct result of the statute." *Id.* at 46. It also concluded that any negative effects on Appellants' licensing efforts were "far more due to the PTAB's decision to initiate a CBM review than my decision today to stay the litigation." *Id.* at 45.

As to the fourth factor, the district court noted that the burden on the court would be reduced due to the likely and substantial simplification resulting from the CBM review. *Id.* at 46. And the burden on the parties would be reduced because there would be no ongoing litigation during the review, which would also be narrowly focused on § 101 issues. *Id.* The district court concluded that this factor also strongly favors a stay. *Id.* at 47.

## I.  Standard of Review

Traditionally, we have reviewed district court decisions on motions to stay pending U.S. Patent and Trademark Office proceedings under the abuse of discretion standard.  *VirtualAgility Inc. v. Salesforce.com, Inc.*, No. 2014-1232, 2014 WL 3360806, at *2 (Fed. Cir. July 10, 2014).  The AIA, however, provides this court with the authority to conduct more searching review of decisions to stay pending CBM review.  Specifically, the AIA provides that this court "shall review the district court's decision to ensure consistent application of established precedent, and such review may be de novo."  AIA § 18(b)(2).

## II.  Argument on Appeal

Appellants' argument on appeal rests on the single premise that the PTAB is not authorized to conduct CBM review based on § 101 grounds.  Consequently, according to Appellants, the district court would not be bound by the results of the CBM review and, as such, "the PTAB's review of the '582 patent cannot simplify this case."  Appellants' Br. 5.  Instead, in Appellants' view, a stay will unduly prejudice Appellants, present a clear tactical advantage to Appellees, and increase—not decrease—the burden of litigation.

Appellants raised essentially this same argument with the district court, which found the argument unpersuasive.  Specifically, the district court acknowledged the risk that "there is a definitive legal ruling that Section 101 is not a proper basis for a CBM review" and the CBM review thus simplifies very little.  Hearing Transcript at 42.  Still, the district court concluded that "[such] risk is relatively small and certainly is not big enough to cause this first factor to disfavor a stay."  *Id.* at 43.

We also find Appellants' argument unpersuasive.  The argument that § 101 cannot support CBM review is a collateral attack similar to ones that we have recently

held impermissible. Specifically, in *VirtualAgility* we held that a district court should not "'review' the PTAB's determination that the [contested claims] are more likely than not invalid in the posture of a ruling on a motion to stay." 2014 WL 3360806, at \*5. Such review "amounts to an improper collateral attack on the PTAB's decision to institute CBM review, and allowing it would create serious practical problems," including "mini-trials" that would "overwhelm and dramatically expand the nature of the stay determination." *Id.* Further, other similar collateral attacks are also impermissible:

> It would also be inappropriate for the district court to evaluate the potential success of an APA challenge to the PTAB's determination that the '413 patent is a "covered business method patent" when analyzing whether CBM review will simplify the issues and reduce the burdens on the parties and the court. Like the district court's validity analysis, this inquiry would amount to an improper collateral attack on the PTAB's decision to institute CBM review.

*Id.* at \*5 n.3. In short, "[t]he stay determination is not the time or the place to review the PTAB's decisions to institute a CBM proceeding." *Id.* at \*5.

Similarly, Appellants' argument questioning the PTAB's authority to conduct the CBM review is also an impermissible collateral attack. A district court, in the context of a stay determination, need not and should not analyze whether the PTAB might, at some later date, be determined to have acted outside its authority in instituting and conducting the CBM review. Such an analysis would, among other things, be antithetical to the efficiency goals of such a stay. This is not to say that a patent owner could never attack the PTAB's authority to conduct CBM review. Indeed, Appellants might potentially challenge that authority in the context of a direct appeal of

the PTAB's final decision.[1]  *See* 35 U.S.C. § 141(c) ("A party to . . . a post-grant review who is dissatisfied with the final written decision of the [PTAB] . . . may appeal the [PTAB's] decision only to the United States Court of Appeals for the Federal Circuit."). They simply cannot mount such a challenge as a collateral attack in opposition to a stay. Having rejected Appellants' argument as an impermissible collateral attack, we do not address the underlying merits of that attack, namely whether § 101 is a valid ground for CBM review.

It is undisputed that CBM review was instituted and that such review addresses whether the claims are directed to patentable subject matter. If the claims are ultimately determined to be directed to unpatentable subject matter, "[t]his CBM review [will] dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility*, 2014 WL 3360806, at *5. If, on the other hand, the claims are determined to be directed to patentable subject matter, Appellees will be estopped from challenging that determination in district court. 35 U.S.C. § 325(e)(2) ("The petitioner . . . may not assert . . . in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that post-grant review."); Hearing Transcript at 16–18, 42 (stipulations by non-petitioner Appellees to be estopped from raising the issue in district court). In the context of this case, where the only real argument against a stay concerns the authority of the PTAB to conduct the CBM review, those circumstances are sufficient for the district court to conclude that the

---

[1]    On August 22, 2014, the PTAB issued its final decision and held the contested claims "unpatentable under 35 U.S.C. § 101." *U.S. Bancorp v. Ret. Capital Access Mgmt. Co.*, No. CBM2013-00014, slip op. at 21 (P.T.A.B. Aug. 22, 2014).

first and fourth factors favor staying the case. Further, Appellants present no other basis for challenging the conclusion that the second and third factors also favor a stay.

Having rejected Appellants' sole argument on appeal, we conclude that the district court did not abuse its discretion in granting the stay. Further, consistency with established precedent was not at issue in this case and no other compelling reason for a more searching review was presented.

CONCLUSION

We conclude that the district court properly granted the stay pending CBM review and therefore affirm.

**AFFIRMED**