# United States Court of Appeals for the Federal Circuit

GTNX, INC.,
*Appellant*

v.

INTTRA, INC.,
*Appellee*

2015-1349, 2015-1350, 2015-1352, 2015-1353

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. CBM2014-00072, CBM2014-00073, CBM2014-00074, CBM2014-00075.

Decided: June 16, 2015

BORIS FELDMAN, Wilson, Sonsini, Goodrich & Rosati, PC, Palo Alto, CA, for appellant. Also represented by STEFANI E. SHANBERG, ROBIN L. BREWER, San Francisco, CA; MICHAEL T. ROSATO, Seattle, WA; RICHARD TORCZON, Washington, DC; GIDEON A. SCHOR, New York, NY.

MICHAEL JOHN LYONS, Morgan, Lewis & Bockius LLP, Palo Alto, CA, for appellee. Also represented by WALTER SCOTT TESTER, AHREN CHRISTIAN HSU-HOFFMAN, DAVID VINCENT SANKER; THOMAS M. PETERSON, San Francisco, CA.

---

**ON MOTION**

---

Before DYK, TARANTO, and CHEN, *Circuit Judges.*

TARANTO, *Circuit Judge.*

At the request of GTNX, Inc., the Patent Trial and Appeal Board instituted "covered business method patent" review proceedings for four patents owned by INTTRA, Inc. A few months later, the Board reconsidered its institution decisions, determined that institution of proceedings in these matters violated a statutory proscription, vacated the institution decisions, and terminated the proceedings. *GTNX, Inc. v. INTTRA, Inc.*, CBM2014-00073 et al., 2014 WL 7723800 (PTAB Dec. 10, 2014). GTNX appeals, and INTTRA moves to dismiss the appeal. We grant the motion. In addition, treating the appeal in the alternative as a mandamus petition, we deny mandamus relief.

BACKGROUND

A

In the Leahy-Smith America Invents Act, Pub. L. No. 112–29, § 18, 125 Stat. 284, 329-31 (2011), Congress required the Patent and Trademark Office to establish a "transitional post-grant review proceeding for review of the validity of covered business method patents." § 18(a)(1). Section 18(a)(1) states a general rule, subject to exceptions not material here, that the PTO must "employ," for such review, the "standards and procedures of[ ] a post-grant review under chapter 32 of title 35," *i.e.*, 35 U.S.C. §§ 321–329.

Section 324 authorizes the Director of the PTO to institute post-grant review, but by regulation, the Director has delegated to the Board the responsibility to make the

institution determination.  37 C.F.R. §§ 42.4, 42.208.  Of relevance to this case, 35 U.S.C. § 325(a)(1) declares that "review may not be instituted . . . if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent."  And § 324(e) declares that "[t]he determination by the Director whether to institute a post-grant review under this section shall be final and nonappealable."

Once review has been instituted, the Board conducts the post-grant review.  § 326(c).  "If a post-grant review is instituted and not dismissed under this chapter," the Board "shall issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 326(d)." § 328(a).  Section 329 authorizes a party dissatisfied with the Board's final written decision with respect to patentability to appeal to this court under 35 U.S.C. § 141(c), and 28 U.S.C. § 1295(a)(4)(A) grants this court jurisdiction over such an appeal.

## B

INTTRA owns four patents relating to online methods for coordinating containerized shipping.  In 2011, GT Nexus, Inc., GTNX's parent company, filed suit in the United States District Court for the Northern District of California, seeking a declaratory judgment that INTTRA's shipping methods patents were invalid.  Several years later, in early 2014, while the court case was pending, GTNX petitioned the PTO to review the patents as covered-business-method patents.  *See GTNX*, 2014 WL 7723800, at *1–2.

On August 12, 2014, the Board instituted review proceedings (four separate proceedings which the Board then treated together).  *Id.* at *1.  In October 2014, however, the Board granted INTTRA leave to file a motion to dismiss the proceedings on the ground that § 325(a)(1)

barred the reviews because of GTNX's previously filed civil action. *Id.* After INTTRA filed the authorized motion, GTNX opposed, arguing that INTTRA had waived the § 325(a)(1) objection by not presenting it earlier, either before institution or within the 14 days allowed by the rule giving a right to seek reconsideration, 37 C.F.R. § 42.71(d). *Id.* at *2.

On December 10, 2014, the Board granted INTTRA's motion. It "vacated" the August 2014 institution decisions and "terminated" the proceedings, *id.* at *1, *3, without addressing any issues of patentability. The Board noted that there was no dispute that GTNX's declaratory-judgment action fell within the terms of § 325(a)(1). *Id.* at *2. And it concluded that § 325(a)(1) is a statutory limit on Board "jurisdiction" that it could not and would not decline to enforce just because INTTRA had not invoked it earlier. *Id.*

Characterizing the ruling as a final written decision under § 328, GTNX appeals under § 329, which provides for appeals under § 141. INTTRA moves to dismiss.

DISCUSSION

We agree with INTTRA that GTNX's appeal falls outside 35 U.S.C. §§ 141 and 329 and hence outside this court's jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

By its terms, § 329 authorizes appeal, under § 141(c), only from a "final written decision of the [Board] under section 328(a)." Similarly, § 141(c), as relevant here, authorizes appeal only from a "final written decision of the [Board] under section . . . 328(a)." In turn, § 328(a) refers only to "a final written decision *with respect to the patentability of any patent claim challenged by the petitioner and any new claim added under section 326(d).*" § 328(a) (emphasis added). Here, the Board made no decision "with respect to the patentability" of any claim. The

Board decision at issue, therefore, is outside § 328(a) and, hence, outside §§ 141(c) and 329.

In *St. Jude Medical, Cardiology Division, Inc. v. Volcano Corp.*, we dismissed an appeal from a non-institution decision under chapter 31 of Title 35, which establishes a regime for "inter partes review" of issued patents that is materially the same as chapter 32 in the particular jurisdictional respects relevant here. 749 F.3d 1373 (Fed. Cir. 2014). We explained the structural contrast between a "determination . . . whether to institute" a proceeding, which is "final and nonappealable," 35 U.S.C. § 314(d), and the "final written decision" determining patentability, § 318(a), and we held that the appeal authorization there—§ 319, incorporating § 141(c)—was limited to the final written decision on patentability. *Id.* at 1375–76. We thus relied on chapter 31's textually clear and common-sense distinction between a final Board decision that reaches the patentability merits and an earlier decision whether to institute. We concluded that 28 U.S.C. § 1295(a)(4)(A)'s grant of jurisdiction to this court to review decisions of the Board "under title 35" is limited "to the Board's decision . . . on the merits of the . . . review, after it 'conducts' the proceeding that the Director has 'instituted.'" *Id.* at 1376.

The same conclusion applies to this case under chapter 32. The Board decision GTNX is seeking to appeal was not reached after conduct of the review and did not make a determination with respect to patentability. The decision is therefore outside 35 U.S.C. §§ 141(c), 328(a), 329 and, in turn, outside 28 U.S.C. § 1295(a)(4)(A).

Confirming that the decision at issue is not a § 328(a) decision—the only appealable decision within the statutory regime—is that the fair characterization of the decision within the regime is as a decision whether to institute proceedings. The Board expressly stated that it was vacating the earlier decision to institute proceedings.

Having reconsidered whether to institute the proceeding here and determined not to do so based on § 325(a)(1), the Board simultaneously "vacated" the institution decisions and required termination of the proceedings. *GTNX*, 2014 WL 7723800, at \*1, \*3. It is strained to describe this as anything but a "determination . . . whether to institute" proceedings—statutory language that is not limited to an *initial* determination to the exclusion of a determination on reconsideration. § 324(e); *see also* § 324(c). The statute declares such a decision to be "final and nonappealable," § 324(e), thus reinforcing the absence of appeal jurisdiction in this court.

In its notice of appeal, GTNX invoked the All Writs Act, 28 U.S.C. § 1651. Although in opposing the motion to dismiss, GTNX does not invoke that provision, we may treat the appeal as, in the alternative, a request for mandamus relief under § 1651. *See, e.g.*, *In re Cuozzo Speed Techs., Inc.*, 778 F.3d 1271, 1278 & n.5 (Fed. Cir. 2015). Doing so, we do not find mandamus relief to be available.

In *In re Dominion Dealer Solutions, Inc.*, 749 F.3d 1379, 1381 (Fed. Cir. 2014), which involved a requested inter partes review, we relied on the statutory scheme to conclude that the petitioner there could not invoke mandamus to challenge a non-institution decision in this court. We relied on the absence of a "'clear and indisputable'" right to relief in this court, *id.* at 1381 (citation omitted), a conclusion reflecting the careful statutory limits on this court's jurisdiction to review non-institution decisions.

Moreover, in *Cuozzo*, where inter partes review had been instituted, and the institution was challenged after a final written decision, we found the particular asserted limit on institution to fall short of constituting a clear and indisputable bar on the Board's action. 778 F.3d at 1278. Here, too, it cannot be said that GTNX has a clear and

indisputable right to have the proceeding continue, in the face of the otherwise-applicable proscription of § 325(a)(1), just because INTTRA did not raise this ground before the initial institution decision was made or in a rehearing request within 14 days under 37 C.F.R. § 42.71(d).

GTNX identifies nothing in the statute or regulations that precludes the Board from reconsidering an initial institution decision or invoking the § 325(a)(1) bar on its own, let alone inviting the patentee to file a motion more than 14 days after institution. In particular, 37 C.F.R. § 42.71(d)(1) restricts only rehearing requests made as of right. It does not prohibit the PTO from allowing a party to file a later request for rehearing from an institution decision, as the Board did here. Moreover, as a general matter, "administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so." *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008). We see nothing in the statute or regulations applicable here that clearly deprives the Board of that default authority.

We likewise see no clear bar on the Board's treatment of the § 325(a)(1) proscription as a "jurisdiction[al]" limit, to be applied without invoking waiver based on the timing of the patentee's raising of the issue. *GTNX*, 2014 WL 7723800, at *2 (relying on *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374–75 (1986) (agency "may not confer power upon itself" because "to expand its power in the face of a congressional limitation on its jurisdiction would be to grant to the agency power to override Congress")). In any event, GTNX cannot find a clear, indisputable right to have the Board maintain the proceeding in the circumstances present here. We conclude that mandamus relief is unavailable.

GTNX asserts jurisdiction here on one basis besides 35 U.S.C. §§ 141(c), 329 and 28 U.S.C. § 1295(a)(4)(A). It invokes the Administrative Procedure Act, 5 U.S.C. §§ 702, 704. "The APA, however, is not a jurisdiction-conferring statute." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006); *see Califano v. Sanders*, 430 U.S. 99, 105–07 (1977). We therefore reject GTNX's invocation of the APA as a ground of jurisdiction. We need not consider other questions raised by GTNX's invocation of the APA, such as whether the APA grants a cause of action for a case brought only against a private party, not against any federal-government actor, and, even if so, whether review limitations within chapter 32 of Title 35 would remove the case from APA coverage by virtue of, *e.g.*, 5 U.S.C. §§ 701(a), 702.

CONCLUSION

For the foregoing reasons, we dismiss the appeal and deny mandamus relief.

**APPEAL DISMISSED, MANDAMUS DENIED**