# United States Court of Appeals for the Federal Circuit

---

**VERSATA DEVELOPMENT GROUP, INC.,**
*Plaintiff-Appellant*

v.

**MICHELLE K. LEE, DIRECTOR, U.S. PATENT AND TRADEMARK OFFICE,**
*Defendant-Appellee*

**SAP AMERICA, INC., SAP AG,**
*Defendants-Appellees*

---

2014-1145

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:13-cv-00328-GBL-IDD, Judge Gerald Bruce Lee.

---

Decided: July 13, 2015

---

JEFFREY A. LAMKEN, MoloLamken LLP, Washington, DC, argued for plaintiff-appellant. Also represented by ROBERT DANNY HUNTINGTON, NANCY JO LINCK, MARTIN MOSS ZOLTICK, Rothwell Figg Ernst & Manbeck PC, Washington, DC.

MELISSA N. PATTERSON, Appellate Staff, Civil Division, United States Department of Justice, Washington,

DC, argued for defendant-appellee Michelle K. Lee. Also represented by DENNIS C. BARGHAAN, JR., MARK R. FREEMAN, STUART F. DELERY, DANA J. BOENTE; NATHAN K. KELLEY, SCOTT C. WEIDENFELLER, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA.

ERIKA ARNER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, argued for defendants-appellees SAP America, Inc., SAP AG. Also represented by J. MICHAEL JAKES, MICHAEL A. MORIN, JOHN M. WILLIAMSON, Washington, DC; EDWARD R. REINES, Weil, Gotshal & Manges LLP, Redwood Shores, CA.

_____

Before NEWMAN, PLAGER, and HUGHES, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* PLAGER.

*Circuit Judge* HUGHES concurs in the result.

PLAGER, *Circuit Judge.*

### INTRODUCTION

This case, *Versata II,* is a companion to *Versata Development Group, Inc. v. SAP America, Inc.*, No. 2014-1194 ("*Versata I*"). The cases were consolidated for argument purposes, but are decided separately. For the detailed background and facts, see the opinion in *Versata I*, No. 14-1194 (Fed. Cir. July 9, 2015).

Briefly, Versata owns U.S. Patent No. 6,553,350 ("'350 patent"). Versata in 2007 sued SAP for, inter alia, infringement of the '350 patent. The result of the trial was a judgment in favor of Versata. On appeal to this court, in an opinion issued in 2013, we affirmed the damages award, but vacated the injunction as overbroad, and remanded for further proceedings.

Meanwhile, in 2012, SAP petitioned the U.S. Patent and Trademark Office ("USPTO") to institute a covered business method ("CBM") review of the '350 patent; CBM reviews are one of the new administrative review procedures established in the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011). SAP asked for CBM review on the grounds that certain key claims in the patent were unpatentable and invalid. In January 2013, the Patent Trial and Appeal Board ("PTAB") granted SAP's petition and instituted a covered business method review of the '350 patent.

Then, in March 2013, while the PTAB was conducting its CBM review, Versata sued the USPTO in the U.S. District Court for the Eastern District of Virginia, seeking to set aside the PTAB's decision to institute CBM review. SAP filed a motion to intervene, which the district court granted. On August 7, 2013, the district court granted the USPTO's motions to dismiss for lack of subject matter jurisdiction and failure to state a claim, and SAP's motion to dismiss for lack of subject matter jurisdiction.

The district court held that it lacked subject matter jurisdiction "because the AIA's express language, detailed structure and scheme for administrative and judicial review, legislative purpose, and nature of administrative action evince Congress's clear intent to preclude subject matter jurisdiction over the PTAB's decision to institute patent reexamination [*sic*] proceedings." *Versata Dev. Corp. v. Rea*, 959 F. Supp. 2d 912, 915 (E.D. Va. 2013). The district court also held that "the decision to institute post-grant review is merely an initial step in the PTAB's process to resolve the ultimate question of patent validity, not a final agency action as contemplated by 5 U.S.C. § 704. . . . Plaintiff retains an alternative adequate remedy through appeal to the Court of Appeals for the Federal Circuit." *Id.*

Versata appealed the judgment to this court. That appeal is the case now before us, *Versata II*. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

The district court was correct as a matter of law when it dismissed Versata's suit seeking to set aside the PTAB's decision to institute review of the '350 patent. The district court cited the express language of the AIA and held that the statute barred the court's review of that decision.

As we explain in *Versata I*, 35 U.S.C. § 324, added as part of the AIA, contains the review bar at issue, subsection 324(e). Section 324 is part of chapter 32, Post-Grant Review. Chapter 32 contains various procedural provisions governing the administration of PTAB reviews under the chapter. Separately, reviews of covered business method patents are governed by the special provisions of AIA § 18. However, § 18(a)(1) specifically incorporates, with exceptions not here relevant, the standards and procedures found in chapter 32, including § 324.

Subsection 324(e) provides that "[t]he determination [by the PTAB] whether to institute a post-grant review under this section shall be final and nonappealable." Although at the time the district court ruled it did not have the benefit of our views—the decision was made before we had addressed the issue—we recently have acknowledged the statutory limits of judicial review of decisions to institute in CBM cases. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307 (Fed. Cir. 2014) (stay of previously-commenced litigation); *Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*, 767 F.3d 1383 (Fed. Cir. 2014) (same); *accord GTNX, Inc. v. INTTRA, Inc.*, Nos. 15-1349, -1350, -1352, -1353, 2015 WL 3692319 (Fed. Cir. June 16, 2015); *see also* cases construing the counterpart provision for inter partes review, § 314(d): *St. Jude Med., Cardiology Div., Inc. v. Volcano*

*Corp.*, 749 F.3d 1373 (Fed. Cir. 2014) (interlocutory review); *In re Dominion Dealer Solutions, LLC*, 749 F.3d 1379 (Fed. Cir. 2014) (mandamus); *In re Proctor & Gamble Co.*, 749 F.3d 1376 (Fed. Cir. 2014) (same). *See Versata I* for discussion of these cases.

At the same time, in *Versata I* we highlighted the fundamental importance of judicial review of agency action, both as a matter of historic case law as well as of statutory law. The importance of judicial review was recognized by the district court when it noted that an adequate remedy lay in appeal to the Federal Circuit, an appeal expressly provided in the AIA at the final written decision stage. We have thus acknowledged the balance Congress struck between its desire for a prompt and efficient review process at the USPTO, on the one hand, and, on the other, the necessary recognition of the traditional role of judicial review of agency action. In *Versata I* we found that balance carefully crafted, and consistent with the roles the Constitution assigns to the Judicial and Executive Branches.

Accordingly, since the attempt by Versata to obtain judicial review of the PTAB's decision to institute a CBM review in this case was addressed to the PTAB's determinations at the decision to institute stage, the district court was correct in barring judicial review pursuant to subsection 324(e).

## CONCLUSION

The judgment of the district court in *Versata II* is affirmed.

## AFFIRMED