# United States Court of Appeals for the Federal Circuit

_____

**In re: POWER INTEGRATIONS, INC.,**
*Petitioner*

_____

2018-144, 2018-145, 2018-146, 2018-147

_____

On Petitions for a Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2017-01903, IPR2017-01904, IPR2017-01944, and IPR2017-01975.

_____

Decided: August 16, 2018

_____

FRANK SCHERKENBACH, Fish & Richardson, PC, Boston, MA, for petitioner Power Integrations, Inc. Also represented by MICHAEL R. HEADLEY, HOWARD G. POLLACK, NEIL WARREN, Redwood City, CA; OLIVER RICHARDS, JOHN WINSTON THORNBURGH, San Diego, CA.

MICHAEL HAWES, Baker Botts, LLP, Houston, TX, for respondent Semiconductor Components Industries, LLC. Also represented by ROGER FULGHUM; NICHOLAS A. SCHUNEMAN, BRETT J. THOMPSEN, Austin, TX; LAUREN J. DREYER, Washington, DC.

_____

Before O'MALLEY, BRYSON, and CHEN, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Power Integrations, Inc. ("PI") has filed petitions for a writ of mandamus. The petitions challenge the decisions of the Patent Trial and Appeal Board denying the institution of inter partes review of claims from three patents owned by Semiconductor Components Industries, LLC. We deny the petitions.

I

PI filed four petitions with the Patent and Trademark Office under 35 U.S.C. § 311(b) requesting inter partes review of the claims of three issued U.S. patents. The patents share a priority date of June 4, 1997. The Board held that PI had failed to show that any reference cited in the petitions was publicly accessible before that date and thus determined that the relied-upon references did not constitute invalidating prior art.

The petitions collectively relied on three references. The first, Robert A. Mammano, *Voltage-Mode Control Revisited – A New High-Frequency Controller Features Efficient Off-Line Performance*, 1993 High Frequency Power Conversion Conference 40 (May 23–27, 1993) ("Mammano"), is a paper prepared by a presenter at the High Frequency Power Conversion Conference, held in Vienna, Virginia, in 1993. PI submitted a declaration by Dr. Tamas Szepesi, who testified that he attended the conference and received a copy of the Mammano paper "as part of the Technical Papers of the Conference."

The Board determined that the Mammano paper was not a "printed publication" within the meaning of 35 U.S.C. §§ 102 and 311(b). It found that PI had not provided any evidence that the Virginia conference was intended for, or was attended by, persons skilled in the relevant art. The Board further found that PI had not submitted evidence concerning whether the paper was provided to attendees without restriction. In addition, the Board noted that PI did not argue that Dr. Szepesi was a person of ordinary skill in the art and that it failed to

offer any evidence that Dr. Szepesi had relevant operation and fabrication experience at the time of the conference.

The second reference is a data sheet identified as PWR-SMP3 PWM Power Supply IC ("SMP3 Data Sheet"), which provides information about one of PI's products. The Board determined that the SMP3 Data Sheet did not qualify as a printed publication.

PI submitted a declaration from its Director of Design Engineering, David Kung, stating that he had "personal contemporaneous knowledge that copies of this SMP3 data sheet were published, made available, and distributed to the public in July of 1991, as also indicated by the '7/91' date code at the bottom of each page of the data sheet." The Board, however, found that the reference "bears no obvious indicia of public accessibility"; it "does not state plainly the date it was made public[]ly accessible, contain a mailing stamp or address, or include any statement of how a member of the public would obtain this document." The Board also pointed out that neither the petition nor Mr. Kung's declaration provided evidence that the reference was available to the public or that it was PI's standard practice to make such data sheets publicly accessible.

The third reference is a data sheet identified as Unitrode UC1828, UC2828, and UC3828 Current Mode PWM Controller IC Datasheet, Advanced Information, pp. 6–190 to 6–196, dated 11/94 ("UC1828 Data Sheet"). As in the case of the other two references, the Board found that the UC1828 Data Sheet did not qualify as a printed publication.

That reference, which was submitted without a supporting declaration, indicated on its face that it was an excerpt from the "Unitrode Integrated Circuits Product & Applications Handbook 1995–96" and carried a label, seemingly affixed after publication, of Aldridge Associates, Inc., of Eden Prairie, MN. The reference also bore a

1995 copyright notice and the assertion that it was "Printed in U.S.A.—January 1995."

The Board found that PI's petition failed to identify the circumstances of the reference's dissemination or how interested persons of ordinary skill in the relevant art could locate the reference. The Board found that the dates on the face of the reference were at best circumstantial evidence of its publication. The Board also noted that PI did not rely on the copyright notice as evidence of the reference's public accessibility.

Having found that none of the references were shown to be prior art, the Board concluded that PI had failed to show it was likely to prevail in its challenges to the patentability of the claims in issue, and it therefore denied the petitions in four detailed written decisions. PI sought rehearing in each case. The Board denied the requests for rehearing, filing in each case a detailed opinion explaining its decision.

## II

Section 314(a) of Title 35 specifies that "[t]he Director may not authorize an inter partes review to be instituted unless the Director determines that . . . there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." Section 314(c), entitled "Notice," provides that "[t]he Director shall notify the petitioner and patent owner, in writing, of the Director's determination under subsection (a), and shall make such notice available to the public as soon as is practicable." Section 314(d), entitled "No Appeal," adds that "[t]he determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable."

In *Cuozzo Speed Technologies, LLC v. Lee*, 136 S. Ct. 2131 (2016), the Supreme Court held that section 314(d) bars review of a Board decision to institute inter partes

review except in unusual circumstances, such as when an appeal implicates constitutional questions or presents "other questions of interpretation that reach, in terms of scope and impact, well beyond" section 314(d). *Id.* at 2141. In the case of "an ordinary dispute about the application of certain relevant patent statutes concerning the Patent Office's decision to institute inter partes review," the Court ruled that section 314(d) would preclude review. *Id.* at 2139; *see id.* at 2142. Although the *Cuozzo* case involved an appeal from a decision to institute inter partes review, the Court made it clear that its analysis would apply equally to an attempt to appeal from a decision denying institution. *See id.* at 2140 ("[T]he agency's decision to deny a petition is a matter committed to the Patent Office's discretion.");[1] *see also Saint Regis Mohawk Tribe v. Mylan Pharms. Inc.*, Nos. 2018-1638 et al., slip op. at 8 (Fed. Cir. July 20, 2018) ("If the Director decides not to institute, for whatever reason, there is no review. In making this decision, the Director has complete discretion to decide not to institute review." (citing *Oil States Energy Servs. v. Greene's Energy Group, LLC*, 138 S. Ct. 1365, 1371 (2018)).

Faced with that statutory prohibition on appeal, PI does not directly appeal the Board's determinations not to institute inter partes review. Instead, PI seeks to obtain review of the non-institution decisions through petitions for mandamus covering all four of the Board's orders. But a writ of mandamus is not intended to be simply an

---

[1] Even Justice Alito, dissenting in *Cuozzo*, made clear that his dissent was limited to review of decisions to institute inter partes review as part of the review of a final decision in the case; he acknowledged that his interpretation of the statute would not ordinarily permit review of decisions not to institute inter partes review. *Cuozzo*, 136 S. Ct. at 2153 n.6 (Alito, J., dissenting).

alternative means of obtaining appellate relief, particularly where relief by appeal has been specifically prohibited by Congress. *See Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (Mandamus may not "be used merely as a substitute for the appeal procedure prescribed by the statute"); *In re Pollitz*, 206 U.S. 323, 331 (1907) (Mandamus "cannot . . . be used to perform the office of an appeal."). To obtain the remedy of mandamus, a party must show that its right to issuance of the writ is "clear and indisputable," and that there are no adequate alternative legal channels through which it may obtain that relief. Moreover, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004); *see also Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

We hold that mandamus does not lie in this case, both because PI has not shown a clear and indisputable right to issuance of the writ and because relief by way of mandamus would not be appropriate here. We have held that the statutory prohibition on appeals from decisions not to institute inter partes review cannot be sidestepped simply by styling the request for review as a petition for mandamus. *In re Dominion Dealer Sols., LLC*, 749 F.3d 1379, 1381 (Fed. Cir. 2014); *see also Medtronic, Inc. v. Robert Bosch Healthcare Sys., Inc.*, 839 F.3d 1382, 1386 (Fed. Cir. 2016); *GTNX, Inc. v. INTTRA, Inc.*, 789 F.3d 1309, 1312–13 (Fed. Cir. 2015) (same analysis as applied to "covered business method" review proceedings).

PI seeks to avoid that authority by claiming that it is not attempting to obtain review of the Board's non-institution decision. Instead, PI claims, it is seeking to vindicate its rights under the Administrative Procedure Act ("APA") to a reasoned decision by the agency based on

a proper consideration of all the relevant evidence in its petitions and application of the correct legal principles.

With respect to the claim that the Board did not provide an adequate explanation for its non-institution decisions, PI relies on section 6(d) of the APA, codified at 5 U.S.C. § 555(e). That statute requires agencies to provide a "[p]rompt notice" of the denial "of a written application, petition, or other request of an interested person made in connection with any agency proceeding," and a "brief statement of the grounds for denial," unless the denial is "self-explanatory." The cases applying that statute explain that the required statement "not only ensures the agency's careful consideration of such requests, but also give parties the opportunity to apprise the agency of any errors it may have made and, if the agency persists in its decision, facilitates judicial review." *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 737 (D.C. Cir. 2001); *Butte Cty. v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010); *Roelofs v. Sec'y of the Air Force*, 628 F.2d 594, 599–601 (D.C. Cir. 1980). The purpose of facilitating review does not apply in this case, however, because this court has no reviewing authority over the agency's non-institution decision. *See Cuozzo*, 136 S. Ct. at 2139. Also inapplicable are the purposes of ensuring careful consideration by the agency and enabling the affected party to apprise the agency of its errors, as the Board's explanations for its actions were detailed, and PI was able to challenge those explanations in its requests for rehearing.

The notice required of an agency under the APA "is modest." *Roelofs*, 628 F.2d at 601. All that is required is that the agency "explain why it decided to act as it did." *Butte*, 613 F.3d at 194. Here, we cannot say that the Board clearly and indisputably failed to fulfill that obligation. The Board issued four decisions, each from 15 to 20 pages long, supplemented by four substantive decisions on rehearing, in which the Board explained in detail why it

concluded that the Mammano, SMP3 Data Sheet, and UC1828 Data Sheet references had not been shown to be publicly accessible before the priority date. There is thus no merit to PI's argument that mandamus is appropriate because of a wholesale failure by the Board to explain its non-institution decisions.

At bottom, PI's request for more elaborate "notice" of the reasons for the Board's actions is really just the camel's nose under the tent. PI's real complaint is not that the Board did not explain itself well enough for PI to understand what the Board did. PI understands perfectly well what the Board did, but it regards the Board's actions as legally and factually incorrect, and it seeks this court's intervention to overturn the Board's decisions not to institute inter partes review. What PI ultimately wants is not just to be given a more complete explanation of the Board's action, but for this court to review that decision on the merits.

That much is clear from the petition, in which PI argues that the "brief statement of the grounds for denial" in section 6(d) of the APA requires that the agency's statement be "the product of reasoned decisionmaking," Pet. 22, and that an agency decision that "is premised on an incorrect legal standard or a misapplication of that standard" cannot be one of reasoned decision-making, *id.* at 24. From those premises, PI proceeds to challenge the Board's decisions on the merits and argues this court should entertain its merits-based challenge in this mandamus proceeding.

That analysis runs head-on into the Supreme Court's decision in *Cuozzo* and this court's decision in *In re Dominion Dealer Solutions, LLC.* The Supreme Court in *Cuozzo* determined that Congress intended to bar appellate review of institution decisions, at least when a patent holder merely challenges the Board's determination regarding whether the information presented in the

petition shows that there is a reasonable likelihood of success or "where a patent holder grounds its claim in a statute closely related to" the decision whether to institute inter partes review.  136 S. Ct. at 2142.  Cuozzo's claim, the Court noted, "is little more than a challenge to the Patent Office's conclusion, under § 314(a), that the 'information presented in the petition' warranted review." *Id.*

The same is true here.  The essence of PI's claim— that the Board's analysis "is premised on an incorrect legal standard or a misapplication of that standard"—is nothing more than a challenge to the Board's conclusion that the information presented in the petitions did not warrant review.  And in *Dominion Dealer Solutions*, this court made clear that where section 314(d) bars an appeal from a Board decision not to institute inter partes review, the petitioning party "has no 'clear and indisputable' right to challenge [the] non-institution decision directly in this court, including by way of mandamus."  749 F.3d at 1381.

Similar analysis applies to PI's procedural complaints that the Board ignored key evidence, "applied an overly rigid legal standard for public availability," and improperly required it to "definitively prove [public availability] in its petition rather than evaluating whether PI would be reasonably likely to do so after full development of the factual record." Pet. 19–20.  Those are precisely the kinds of claims that would form the basis for an appellate challenge to the Board's non-institution decision if such a challenge were authorized.  For this court to entertain such claims in response to a petition for mandamus would convert the mandamus procedure into a transparent means of avoiding the statutory prohibition on appellate review of agency institution decisions.

A disappointed petitioner cannot by-pass the statutory bar on appellate review simply by directing its challenge to asserted procedural irregularities rather than to

the substance of the non-institution ruling.  Nothing in section 314(d) suggests that the prohibition on review applies only to the merits of the Board's non-institution decisions and leaves this court free to review the Board's decisions for perceived flaws in the way the Board analyzed the evidence before it.  To draw such a distinction would inevitably lead to this court's examination of the correctness of the Board's legal and factual conclusions; i.e., it would result in this court's review of the legal and factual bases of the Board's non-institution decisions, which is just what Congress sought to prohibit.

This is not to say that mandamus will never lie in response to action by the agency relating to the non-institution of inter partes review.  The circumstances described by the Supreme Court in *Cuozzo* as illustrations of issues for which an appeal might be justified (e.g., constitutional issues, issues involving questions outside the scope of section 314(d), and actions by the agency beyond its statutory limits) would be potential candidates for mandamus review as well.  *See Cuozzo*, 136 S. Ct. at 2141–42; *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1359 (2018).  But this case involves no issues extraneous to the application of patent law principles of unpatentability based on printed publications, nor does it involve any "shenanigans" on the part of the Board that might justify appellate review or review by mandamus.  *See id.* at 2142; *see also SAS*, 138 S. Ct. at 1359.

As with its argument about an inadequate explanation for the Board's actions, PI's complaints about the Board's factual and legal analysis and its procedural objections to the Board's rulings are designed to obtain a ruling from this court that will ultimately result in overturning the Board's non-institution decision.  And, as to that relief, the bar to appeal is fatal, at least absent some grave abuse of the statutory procedure that has not been shown to be present here.

Accordingly,

IT IS ORDERED THAT:

The petitions are denied.