NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FALL LINE PATENTS, LLC,**
*Appellant*

**v.**

**UNIFIED PATENTS, LLC, FKA UNIFIED PATENTS, INC.,**
*Appellee*

**ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

_____

2019-1956

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-00043.

_____

Decided:  July 28, 2020

_____

MATTHEW JAMES ANTONELLI, Antonelli, Harrington & Thompson, LLP, Houston, TX, for appellant.  Also represented by ZACHARIAH HARRINGTON, LARRY D. THOMPSON,

JR.; SARAH RING, Daniels & Tredennick, Houston, TX.

JAMES R. BARNEY, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, for appellee. Also represented by DANIEL CRAIG COOLEY, Reston, VA; JONATHAN R. BOWSER, Buchanan Ingersoll & Rooney PC, Alexandria, VA; ASHRAF FAWZY, JONATHAN RUDOLPH KOMINEK STROUD, Unified Patents LLC, Washington, DC.

SARAH E. CRAVEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by THOMAS W. KRAUSE, FRANCES LYNCH, FARHEENA YASMEEN RASHEED.

―――――――――――――

Before O'MALLEY, BRYSON, and HUGHES, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

"In this Circuit, a later panel is bound by the determinations of a prior panel, unless relieved of that obligation by an en banc order of the court or a decision of the Supreme Court." *Deckers Corp. v. United States*, 752 F.3d 949, 959 (Fed. Cir. 2014). Of course, we should not follow our precedent blindly. *See Ramos v. Louisiana*, 140 S. Ct. 1390, 1405 (2020) ("[S]*tare decisis* has never been treated as 'an inexorable command.'"). "Indeed, we have said that it is the province and obligation of the en banc court to review the current validity of challenged prior decisions." *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 744 F.3d 1272, 1298 (Fed. Cir. 2014) (en banc) (O'Malley, J., dissenting) (internal quotations marks omitted). But we do not overturn our decisions lightly, particularly those that we so recently issued. We recognize that "today's legal issues are often not so different from the questions of yesterday and that we are not the first ones to try to answer them." *June Med. Servs., LLC v. Russo*, 140 S. Ct. 2103, 2134 (2020) (Roberts, C.J., concurring).

Appellant Fall Line Patents, LLC ("Fall Line") asks us to ignore the constraints of our precedent with respect to two separate issues. It maintains that we have mandamus jurisdiction over the Patent Trial and Appeal Board's ("the Board") real party-in-interest determinations, notwithstanding our recent holding in *ESIP Series 2, LLC v. Puzhen Life USA, LLC*, 958 F.3d 1378 (Fed. Cir. 2020) that § 314(d) precludes appellate review over this institution-based requirement. *See* Appellant Supp. Br. 1–4. And it contends that this panel has the authority to modify the constitutional fix adopted by this court in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019).

We do not. Despite Fall Line's arguments otherwise, "a writ of mandamus is not intended to be simply an alternative means of obtaining appellate relief, particularly where relief by appeal has been specifically prohibited by Congress." *In re Power Integrations, Inc.*, 899 F.3d 1316, 1319 (Fed. Cir. 2018). And Fall Line's challenge to the constitutional fix adopted by this court in *Arthrex* invokes the same arguments that we rejected in our denial of en banc review in that case. *See Arthrex, Inc. v. Smith & Nephew, Inc.*, 953 F.3d 760, 763 (Fed. Cir. 2020) (Moore, J., joined by O'Malley, Reyna, and Chen, J., concurring in denial of rehearing en banc). Accordingly, we decline Fall Line's invitation to effect legal whiplash and reject the recent holdings of this court in *ESIP Series 2* and *Arthrex*. We conclude, however, that Fall Line did not waive its right to assert an Appointments Clause challenge, and *vacate* and *remand* for a new panel of APJs to consider the IPR anew.

## I. BACKGROUND

While the parties discuss many details regarding Unified Patents, LLC's ("Unified") revenue structure and the timeline leading to the Board's § 312(a)(2) real parties-in-interest determination, there are only a few pertinent facts of note.

On October 6, 2017, Unified Patents, LLC ("Unified") filed a petition for *inter partes* review of claims 16–19 and 21–22 of U.S. Patent No. 9,454,748 (the "'748 patent"). J.A. 83. At the time of the filing, the '748 patent was involved in a variety of patent matters against certain companies. J.A. 88. Unified did not list any of these companies, however, as a real party-in-interest. *Id.* Fall Line thus argued that Unified's real parties-in-interest identification was insufficient. J.A. 184.

The Board rejected Fall Line's initial § 312(a)(2) argument in its institution decision. J.A. 200–01. In its institution decision, it explained:

> Although Patent Owner argue[d] Petitioner's business model and public statements could make Petitioner's members real parties-in-interest, Patent Owner d[id] not provide any evidence indicating that any of those members are real parties-in-interest in this proceeding.

J.A. 201. Without anything more, the Board said Fall Line's allegations fell flat. The Board concluded, moreover, that the fact that Unified failed to "submit Voluntary Interrogatory Responses in the instant case" was insufficient to demonstrate that Unified's real party-in-interest designation was inaccurate. *Id.*

After institution, Fall Line sought authorization to file a motion for discovery regarding Unified's real party-in-interest designation. J.A. 17. It asked, however, to wait for a district court ruling before filing the motion. *Id.* The Board instructed Fall Line to re-seek authorization when it was prepared to file the motion, but Fall Line never made a second request for authorization. *Id.* Nor did it raise a § 312(a)(2) challenge in its patent owner response. *Id.* Fall Line's real party-in-interest objections were not brought back to the Board's attention until a few days before the hearing, when the parties submitted their oral hearing demonstratives and related objections. *Id.* Then, during

the oral hearing, Fall Line argued that the Board should consider its § 312(a)(2) challenge. *Id.*

In its final written decision, the Board concluded that Fall Line's real party-in-interest challenge was untimely, and that, even if it were to consider Fall Line's belated argument, the evidence was insufficient to support such a challenge. J.A. 17–25. Accordingly, the Board rejected Fall Line's § 312(a)(2) challenge, proceeded to address the merits of Unified's § 103 ground, and concluded that Unified had proven, by a preponderance of the evidence, that claims 16–19 and 21–22 of the '748 patent are unpatentable. J.A. 75.

Fall Line appealed. In its opening brief, Fall Line argues that it did not waive its § 312(a)(2) challenge and that Unified failed to properly identify the real parties-in-interest. Appellant Opening Br. 9–16. It also contends that the panel should vacate and dismiss the Board's final written decision because the current structure of the Board violates the Appointments Clause, and, because it asserts that the severance remedy imposed in *Arthrex* is inadequate, a remand to a new panel of APJs would not fix the constitutional violation. *Id.* at 17–18.

After the parties completed briefing, we held in *ESIP Series 2, LLC v. Puzhen Life USA, LLC* that § 314(d) precludes review of the Board's real party-in-interest determinations. 958 F.3d at 1386. In light of this holding, we ordered that the parties submit supplemental briefing on the issue.

## II. DISCUSSION

### A. Fall Line's Real Party-in-Interest Challenge

Section 312(a) of Title 35 specifies that a petition "may be considered only if" it includes, *inter alia*, an "identification" of "all real parties in interest." 35 U.S.C. § 312(a)(2). In *ESIP Series 2*, we explained that preclusion of judicial review under § 314(d) extends to a Board decision

concerning the "'real parties in interest' requirement of § 312(a)(2)." 958 F.3d at 1386. In light of the Supreme Court's decision in *Thryv, Inc. v. Click-to-Call Techs., LP*, 140 S. Ct. 1367 (2020), we held that § 314(d) precludes our review of the real party-in-interest determination. *ESIP Series* 2, 958 F.3d at 1386 (quoting *Thryv*, 140 S. Ct. at 1373–74).

Fall Line "acknowledges that this [c]ourt . . . should rule that it lacks normal appellate jurisdiction over the RPI issue" in light of *Thryv*, Appellant Supp. Br. 1, but nevertheless insists that we may review the Board's decision under our "mandamus jurisdiction." *Id.* Relying on the Supreme Court's stipulation that *Cuozzo* does not "categorically preclude review," Fall Line contends that mandamus is authorized and necessary when the Board engages in "shenanigans." Appellant Supp. Br. 2–3 (quoting *Cuozzo*, 136 S. Ct. at 2141). According to Fall Line, in this case, such "shenanigans" constitute the Board's § 312(a)(2) determination. Appellant Supp. Br. 3.

Fall Line misrepresents the *Cuozzo* Court's qualification and misunderstands the role of mandamus. In *Cuozzo*, the Supreme Court explained that its interpretation of § 314(d) applies where the grounds for challenging the Board's decision "consist of questions that are closely tied to the application and interpretation of statutes related to [the Board]'s decision to initiate inter partes review." *Cuozzo*, 136 S. Ct. at 2141. It emphasized that its holding did not decide "the precise effect of § 314(d) on appeals that implicate constitutional questions, that depend on other less closely related statutes, or that present other questions of interpretation that reach, in terms of scope and impact, well beyond 'this section.'" *Id.* And to provide an example of the type of review that was not "categorically precluded" by its holding, the Court explained:

> [W]e do not categorically preclude review of a final
> decision where a petition fails to give "sufficient

> notice" such that there is a due process problem with the entire proceeding, nor does our interpretation enable the agency to act outside its statutory limits by, for example, canceling a patent claim for "indefiniteness under § 112" in inter partes review.

*Id.* at 2141–42. Thus, institution decisions that implicate constitutional or jurisdictional violations are not "categorically precluded" from judicial review under § 314(d). The *Cuozzo* Court did not hold, however, that this court may exercise its mandamus powers to review "an ordinary dispute about the application of" an institution-related statute. *Id.* While we once relied on this precise language in *Cuozzo* to conclude that statutory prerequisites to the Director's authority to institute an IPR were not related to institution within the meaning of § 314(d), the Supreme Court disagreed with that conclusion in *Thryv*.

It is true that, in the context of concluding that § 314(d) bars appellate review of the Board's § 315(b) determination, the *Thryv* Court said it did "not decide whether mandamus would be available in an extraordinary case." *Thryv*, 140 S. Ct. at 1374 n.6. But as Justice Gorsuch recognized, we have addressed that question and concluded that mandamus is not available to address decisions that are barred from appellate review under § 314(d). *Id.* at 1389 (Gorsuch, J., dissenting) ("[T]he Court today will not say whether mandamus is available where the § 314(d) bar applies, and the Federal Circuit has cast doubt on that possibility."). Specifically, we recently held that statutory prohibitions of appellate review "cannot be sidestepped simply by styling the request for review as a petition for mandamus." *In re Power Integrations, Inc.*, 899 F.3d at 1319 (collecting cases). Where an appellant's claim is nothing more than a challenge to the Board's conclusion that the information presented in the petition warranted review, there is "no 'clear and indisputable' right to challenge [the] non-institution decision directly in this court, including by way of mandamus." *In re Dominion Dealer Solutions, LLC*, 749

F.3d 1379, 1381 (Fed. Cir. 2014). *See also GTNX, Inc. v. INTTRA, Inc.*, 789 F.3d 1309, 1312 (Fed. Cir. 2015). So, while the Supreme Court side-stepped the issue in *Thryv*, we have not.

In its mandamus request, Fall Line simply rehashes the procedural timeline of its § 312(a)(2) challenge and the evidence in support of its claim. Appellant Supp. Br. 3. These are the types of arguments that appellants regularly raised in their § 312(a)(2) appeals, prior to the Supreme Court's holding in *Thryv* and our decision in *ESIP Series 2*. *See, e.g.*, *Worlds Inc. v. Bungie, Inc.*, 903 F.3d 1237 (Fed. Cir. 2018). Moreover, as evident from the Board's decision and the record, this appeal involves no issues extraneous to the Board's § 312(a)(2) determination. Accordingly, we reject Fall Line's contention that the present appeal justifies mandamus review. "For this court to entertain such claims in response to a petition for mandamus would convert the mandamus procedure into a transparent means of avoiding the statutory prohibition on appellate review of agency institution decisions." *In re Power Integrations, Inc.*, 899 F.3d at 1321.[1]

## B. Fall Line's *Arthrex* Challenge

Fall Line separately argues that the Board's final written decision is erroneous because, at the time of the Board's final written decision, the structure of the Board violated

---

[1]    The fact that the Board's real party-in-interest determinations are not reviewable makes it particularly important that the Board conduct a critical assessment of a party's assertions regarding the real party-in-interest issue. Such a critical assessment is especially warranted in a case in which a petitioner's entire business model is to challenge patents on behalf of others. *See Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1352 (Fed. Cir. 2018).

the Appointments Clause. Of course, we already addressed this issue in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019). There, we held that the Board's Administrative Patent Judges ("APJs") were principal officers, appointed in violation of the Appointments Clause. *Arthrex*, 941 F.3d at 1335. Because the Secretary of Commerce and the Director did not have unfettered authority to remove APJs, we determined that there was insufficient executive control over APJs. To remedy this constitutional violation, we severed the problematic removal restrictions regarding APJs and concluded that impacted cases[2] must be vacated and remanded for rehearing before a new panel of APJs. *Id.* at 1355–40. Fall Line agrees that the APJs were unconstitutionally appointed, but disagrees with the severance we adopted to cure that constitutional defect. Appellant Opening Br. 17–18. Fall Line argues that the *Arthrex* severance is inadequate because (1) it does not provide for reviewability of final agency decisions; and (2) the severance was inconsistent with Congress' intent. *Id.* Because "no properly appointed Board panel exists," Fall Line contends that we must vacate and *dismiss* the Board's written decision. *Id.* at 18.

We will not. As a panel, we are bound by our holding in *Arthrex* that severance is "an appropriate cure for an Appointments Clause infirmity" and that Congress "would have preferred a Board whose members are removable at will rather than no Board at all." 753 F.3d at 1337–38. That Fall Line disagrees with the sufficiency of the constitutional fix is of no moment.

---

[2]    That is, an *Arthrex*-based remand is available in cases in which the final decision was rendered by a panel of APJs who were not constitutionally appointed and where the parties presented an Appointments Clause challenge on appeal. *Arthrex*, 941 F.3d at 1340.

Having rejected Fall Line's attempt to reargue the issues we addressed in *Arthrex*, however, we nevertheless find that it is entitled to a remand. Like the patent owner in *Arthrex*, Fall Line raised an Appointments Clause challenge in its opening brief before us. *Arthrex*, 941 F.3d at 1340. We have held that such litigants are entitled to an *Arthrex*-based remand.[3] *See, e.g.*, *Polaris Innovations Ltd. v. Kingston Tech. Co.*, 792 Fed. Appx. 819 (Fed. Cir. 2020); *Bedgear, LLC v. Fredman Bros. Furniture Co., Inc.*, 783 Fed. Appx. 1029 (Fed. Cir. 2019). Accordingly, because Fall Line's Appointments Clause challenge was timely and the Board's final written decision was issued before our *Arthrex* decision, the Board's decision in No. IPR2018-00043 is vacated and the case is remanded to the Board for proceedings consistent with this court's decision in *Arthrex*.

---

[3] Unified separately argues that Fall Line waived its right to an *Arthrex*-based remand because the appellant rejected Unified's offer for a "consented remand" prior to its appeal. Unified Supp. Br. 5 (citing J.A. 5012). Unified insists that Fall Line cannot "reverse course and seek a remand at this late stage in the case." Unified Supp. Br. 6. The record reveals, however, that Fall Line did not waive an *Arthrex*-based remand. Rather, Fall Line explained that, at the time of Unified's offer, such a remand did not "make[] sense." J.A. 5012. During this period of negotiation, Fall Line still believed that this court had appellate jurisdiction to review the Board's § 312(a)(2) determination. *Id.* ("[T]he RPI issue if decided in our favor would moot the need for a remand altogether—if we were remanded, we would ultimately have to come back up again on the RPI issue."). Thus, we conclude that Fall Line has not waived its Appointments Clause challenge and is entitled to a new IPR proceeding before a constitutionally appointed panel.

### III.  CONCLUSION

For these reasons, the Board's final written decision is vacated and remanded.

**VACATED AND REMANDED**

COSTS

No costs.