# United States Court of Appeals for the Federal Circuit

---

**BENNETT REGULATOR GUARDS, INC.,**
*Appellant*

**v.**

**ATLANTA GAS LIGHT CO.,**
*Cross-Appellant*

---

2017-1555, 2017-1626

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2015-00826.

---

Decided: September 28, 2018

---

WAYNE D. PORTER, JR., Law Offices of Wayne D. Porter, Jr., Independence, OH, argued for appellant.

DARYL L. JOSEFFER, King & Spalding, LLP, Washington, DC, argued for cross-appellant. Represented by RUSSELL E. BLYTHE, HOLMES J. HAWKINS, III, Atlanta, GA.

---

Before LOURIE, CLEVENGER, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Years after Bennett Regulator Guards, Inc. first sued Atlanta Gas Light Co. for infringing its U.S. Patent No. 5,810,029, the Patent Trial and Appeal Board instituted Atlanta Gas's inter partes review (IPR), held all challenged claims of Bennett's '029 patent unpatentable, and then sanctioned Atlanta Gas. Bennett appeals, arguing that 35 U.S.C. § 315(b) barred institution, that its claims should have survived, and that the Board should have imposed greater sanctions. Atlanta Gas cross-appeals, seeking to overturn the sanctions.

Because the Board exceeded its authority and contravened § 315(b)'s time bar when it instituted Atlanta Gas's petition, we vacate its final written decision. And because the Board has not yet quantified its sanction, we decline to consider the nonfinal sanctions order and instead remand to the Board.

BACKGROUND

Bennett, the assignee of the '029 patent, served Atlanta Gas with a complaint alleging infringement on July 18, 2012. Atlanta Gas moved to dismiss. Ultimately, the district court granted that motion and dismissed Bennett's complaint without prejudice. *See Bennett Regulator Guards, Inc. v. MRC Glob. Inc.*, No. 4:12-cv-1040, 2013 WL 3365193, at \*5 (N.D. Ohio July 3, 2013).

On February 27, 2015, Atlanta Gas filed the IPR that underlies this appeal. Bennett protested, arguing that § 315(b), which prohibits institution "if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner . . . is served with a complaint alleging infringement of the patent," barred the Board from instituting review. The Board disagreed. It acknowledged that Bennett had served a complaint alleging infringement on Atlanta Gas, but it held that the district court's without-prejudice dismissal of that complaint nullified service. *Atlanta Gas Light Co. v. Bennett Regulator Guards, Inc.*, IPR2015-00826, 2015 WL

5159438, at *5, *7–8 (P.T.A.B. Sept. 1, 2015). Having found that § 315(b) permitted it to proceed, the Board instituted review of all claims. *Id.* at *15–16. Bennett defended the '029 patent, but in its final written decision the Board confirmed that § 315(b) did not bar the petition and held every claim of the '029 patent unpatentable. *Atlanta Gas Light Co. v. Bennett Regulator Guards, Inc.*, IPR2015-00826, 2016 WL 8969209, at *1, *6 (P.T.A.B. Aug. 19, 2016) ("*Final Written Decision*"); *see* J.A. 85–86 (denying subsequent motion for reconsideration).

In an unusual turn of events, an additional issue emerged after the Board issued its decision. The America Invents Act requires petitioners to identify all real parties in interest in their petitions, *see* 35 U.S.C. § 312(a)(2), and Board regulations require petitioners to update that information within 21 days of any change, *see* 37 C.F.R. § 42.8(a)(3). Late in the IPR, but before the Board's final written decision, Atlanta Gas's parent company, AGL Resources Inc., merged with another company and then changed its name. *See* J.A. 86–88. Though Atlanta Gas had listed AGL Resources as a real party in interest in its petition, Atlanta Gas did not notify the Board of the merger or the name change, and the Board did not know of the changes when it issued its final decision. *See* J.A. 88–94. Shortly after receiving the final written decision, Bennett notified the Board of Atlanta Gas's changed corporate parentage and sought sanctions for Atlanta Gas's nondisclosure. *See* J.A. 81–83, 88–94.

The merger created new Board conflicts, and one member of the three-judge panel recused himself after learning of it. *See* J.A. 85 n.1, 93. A reconstituted panel then considered Bennett's sanctions motion. Though it declined to terminate the IPR as Bennett requested, the Board authorized Bennett to move for the "costs and fees" it had incurred between the date of the final written decision and the Board's grant of sanctions. *See* J.A. 88–93. The Board has not ruled on Bennett's motion for costs

and fees, and the parties continue to dispute the exact amount Atlanta Gas owes.

Bennett appeals. It contends that § 315(b) barred this IPR, and that even if the Board possessed the power to consider Atlanta Gas's petition, the Board substantively erred in its claim construction and unpatentability findings. Bennett also argues that the Board abused its discretion by awarding only monetary sanctions for Atlanta Gas's failure to update its real-party-in-interest information. In its cross-appeal, Atlanta Gas counters that the Board erred by awarding any sanction at all.

## DISCUSSION

A party dissatisfied with the Board's final written decision may appeal to this court. *See* 35 U.S.C. § 319; *see also* 28 U.S.C. § 1295(a)(4)(A). Though statute immunizes the Board's preliminary decision to institute IPR from review, *see* 35 U.S.C. § 314(d), we review the Board's jurisdiction, and we have authority to review its compliance with § 315(b). *See Wi-Fi One, LLC v. Broadcom Corp.*, 878 F.3d 1364, 1374 (Fed. Cir. 2018) (en banc) ("[Section] 315 . . . is not subject to § 314(d)'s bar on judicial review.").

We review the Board's legal conclusions de novo and its fact findings for substantial evidence. *See, e.g.*, *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 734, 739 (Fed. Cir. 2016). We review the Board's award of sanctions for abuse of discretion. *Cf. Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 1051 (Fed. Cir. 2012) (applying abuse of discretion standard to Trademark Trial and Appeal Board's sanctions); *Woods v. Tsuchiya*, 754 F.2d 1571, 1582 (Fed. Cir. 1985) (noting that award of sanctions falls within Board of Interference's discretion).

I

Bennett launches a multi-front attack on the Board's final written decision. It challenges the Board's jurisdiction to institute review, at least ten of the Board's claim constructions, the Board's findings regarding the teachings of the prior art and Atlanta Gas's anticipation ground, and the Board's consideration of the *Graham* factors in its obviousness determination. Because we agree that 35 U.S.C. § 315(b) barred the Board's review in this case, we vacate the Board's final written decision and remand with instructions to dismiss this IPR without reaching Bennett's additional arguments.

Section 315(b) prohibits the Board from instituting an IPR based on a petition "filed more than 1 year after the date on which the petitioner . . . is served with a complaint alleging infringement." § 315(b). We recently held that serving a complaint alleging infringement—an act unchanged by the complaint's subsequent success or failure—unambiguously implicates § 315(b)'s time bar. *See Click-to-Call Techs., LP v. Ingenio, Inc.*, 899 F.3d 1321, 1329–32 (Fed. Cir. 2018). The statute endorses no exceptions for dismissed complaints, and we therefore held that the Board exceeded its authority when it instituted IPR over a year after service of a complaint later voluntarily dismissed without prejudice. *Id.* at 1328 n.3 (en banc).

This case differs from *Click-to-Call* only in that Bennett's complaint was *involuntarily* dismissed without prejudice. We identify no reason to distinguish *Click-to-Call* on that basis.[1] The statutory language clearly ex-

---

[1]  Indeed, the Board relied on its now-overturned decision in *Click-to-Call* to decide Bennett's time-bar challenge. *See Final Written Decision*, 2016 WL 8969209, at *5.

presses that *service* of a complaint starts § 315(b)'s clock. *See id.* at 1330–31, 1336. Just as the statute includes no exception for a voluntarily dismissed complaint, it includes no exception for an involuntarily dismissed complaint.

Bennett undisputedly served Atlanta Gas with a complaint asserting the '029 patent on July 18, 2012. *See* Appellant's Br. 57–58; Cross-Appellant's Br. 9. Section 315 permits a petitioner to seek IPR for a year after such service, but Atlanta Gas filed its IPR petition on February 27, 2015, J.A. 118, more than eighteen months after the statutory time limit. The Board lacked authority to institute review. Accordingly, we vacate the Board's final written decision, and we remand for the Board to dismiss the IPR.

## II

We next address the parties' challenges to the Board's sanctions order. Bennett asserts that the Board properly awarded monetary sanctions but erred by failing to terminate the IPR, *see* Appellant's Br. 27–35, while Atlanta Gas urges that the Board erred by awarding sanctions at all, *see* Cross-Appellant's Br. 70–86. Although the Board lacked authority to institute the IPR, its sanction award might nevertheless stand. *Cf. Willy v. Coastal Corp.*, 503 U.S. 131, 132 (1992) (holding federal district courts may impose Rule 11 sanctions even "in a case in which the district court is later determined to be without subject-matter jurisdiction"). We do not resolve that question, however, because we lack jurisdiction to review the Board's unquantified, and thus non-final, order.

We have exclusive jurisdiction to review the Board's final decisions. *See* 28 U.S.C. § 1295(a)(4)(A). But our jurisdiction extends only to *final* decisions. *See In re Arunachalam*, 824 F.3d 987, 988 (Fed. Cir. 2016) (reading § 1295(a)(4) "to incorporate a finality requirement" (quoting *Loughlin v. Ling*, 684 F.3d 1289, 1292 (Fed. Cir.

2012))).  Because the Board has not yet quantified its sanctions award, the award remains nonfinal and unappealable.  *See Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 (Fed. Cir. 2001) (holding unquantified award of attorney fees is not a final decision); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 964 (Fed. Cir. 1997) ("[A] district court decision imposing Rule 11 sanctions is not final, and hence not appealable, until the amount of the sanction has been decided . . . .").

In rare cases, we exercise pendent jurisdiction to decide an issue not otherwise subject to review.  We extend pendent jurisdiction only reluctantly, and only to issues "inextricably intertwined" with or necessary to resolution of issues already before the court.  *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995) (providing standard for exercise of pendent jurisdiction).  "[T]he circuits, including this one, are in general agreement that an unquantified award . . . does not usually warrant the exercise of pendent jurisdiction," and we hold the exercise of pendent jurisdiction is not warranted here.  *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1360 (Fed. Cir. 2012).  The parties' time-bar and merits disputes ask whether § 315(b) prohibits this IPR and whether the art identified by Atlanta Gas anticipates or renders obvious Bennett's properly construed claims.  In contrast, the parties' challenges to the Board's sanctions order implicate the Board's power to issue sanctions and to accept late filings, 37 C.F.R. §§ 42.5, 42.12, and ask us to examine whether the Board erred by identifying Atlanta Gas's parent company as a real party in interest under 35 U.S.C. § 312(a)(2) and 37 C.F.R. § 42.8(b)(1).  As in *Orenshteyn*, "the finding of invalidity and the sanctions in the present case have different legal bases requiring different legal analyses."  691 F.3d at 1360.

Atlanta Gas suggested at oral argument that the Board's denial of Bennett's requested remedy—termination—was a final decision subject to appeal, and

that we should exercise pendent jurisdiction over the Board's related decision to award a monetary sanction, even though the amount of that sanction remains undetermined. *See* Oral Arg. at 15:20–16:55, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 17-1555.mp3. We disagree. Atlanta Gas's formulation requires us to arbitrarily divide the Board's sanctions order into two decisions—one relating to termination and one relating to a monetary award. We instead treat the Board's order as a single decision addressing Bennett's entire motion for sanctions, which requested both termination and compensatory sanctions. *See* J.A. 318. This comports with the Board's discussion, *see* J.A. 92–93, and preserves judicial resources by confining all sanctions issues to a single appeal.

Accordingly, we decline to exercise pendent jurisdiction over the Board's sanctions order, and we remand to the Board. On remand, the Board may, at its discretion, further consider its order given the outcome of this appeal. But until the Board quantifies any sanctions, we will not review its decision granting them.

CONCLUSION

For the foregoing reasons, we vacate the Board's final written decision, and we remand for the Board to quantify any sanctions and dismiss this IPR.

**VACATED AND REMANDED**

COSTS

No costs.