Reyna, Circuit Judge.
 

 ORDER
 

 Aquestive Therapeutics, Inc. moves to dismiss these appeals on the basis that our review is barred by
 
 35 U.S.C. § 314
 
 (d). BioDelivery Sciences International, Inc. opposes the motion. Having considered the parties' arguments, we grant the motion and dismiss these appeals.
 

 BACKGROUND
 

 In October 2014, BioDelivery filed three petitions for
 
 inter partes
 
 review ("IPR") of
 
 U.S. Patent No. 8,765,167
 
 . The petitions contained a combined total of seventeen grounds. The petition in IPR2015-00165 included seven grounds, the petition in IPR2015-00168 included five grounds, and the petition in IPR2015-00169 included five grounds.
 

 The Patent Trial and Appeal Board ("Board" or "PTAB") instituted review on a single ground in each petition. For the fourteen other non-instituted grounds, the Board found that BioDelivery failed to establish a reasonable likelihood of prevailing
 on the merits. In the final written decisions, the Board sustained the patentability of all claims subject to the instituted challenges in each proceeding. BioDelivery appealed.
 

 After oral argument in the appeals, the Supreme Court issued its decision in
 
 SAS Institute, Inc. v. Iancu
 
 , --- U.S. ----,
 
 138 S. Ct. 1348
 
 ,
 
 200 L.Ed.2d 695
 
 (2018). BioDelivery subsequently moved to remand the appeals based on
 
 SAS
 
 's requirement that IPR proceedings must proceed " 'in accordance with' or 'in conformance to' the petition,"
 
 id.
 
 at 1356 (quoting
 
 Pursuant
 
 , Oxford English Dictionary, http://www.oed.com/view/Entry/155073), including " 'each claim challenged' and 'the grounds on which the challenge to each claim is based,' "
 
 id.
 
 at 1355 (quoting
 
 35 U.S.C. § 312
 
 (a)(3) ).
 

 We granted BioDelivery's motion without deciding the merits of any of the appealed issues and vacated the Board's final written decisions in the three IPR proceedings.
 
 BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc
 
 .,
 
 898 F.3d 1205
 
 , 1210 (Fed. Cir. 2018) ("
 
 Remand Order
 
 "). Specifically, we ordered that "BioDelivery's request for remand to implement the Court's decision in
 
 SAS
 
 is granted in [the three appeals]" and "[t]he PTAB's decisions in PTAB Nos. IPR2015-00165, IPR2015-00168, and IPR2015-00169, are vacated."
 

 Id.
 

 On remand, the Board requested briefing on whether it would be appropriate to vacate its prior institution decisions and deny the petitions in their entirety.
 
 See
 

 BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc. f/k/a MonoSol RX, LLC
 
 , No. IPR2015-00165, Paper No. 91 (P.T.A.B. Feb. 7, 2019) ("PTAB Remand Dec. IPR2015-00165"), at 3;
 
 BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc. f/k/a MonoSol RX, LLC
 
 , No. IPR2015-00168, Paper No. 88 (P.T.A.B. Feb. 7, 2019) ("PTAB Remand Dec. IPR2015-00168"), at 3;
 
 BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc. f/k/a MonoSol RX, LLC
 
 , No. IPR2015-00169, Paper No. 89 (P.T.A.B. Feb. 7, 2019) ("PTAB Remand Dec. IPR 2015-00169"), at 3. After considering the parties' arguments and whether petitioner had shown a reasonable likelihood of prevailing on all grounds, including those which were not previously instituted, the Board modified the institution decisions, denied the petitions, and terminated the proceedings.
 
 E.g.
 
 , PTAB Remand Dec. IPR2015-00165 at 3.
 

 The Board emphasized its discretion to institute IPR under
 
 35 U.S.C. § 314
 
 (a) even upon a showing of a reasonable likelihood of prevailing on at least one challenged claim.
 

 Id.
 

 at 5 (citing
 
 SAS
 
 ,
 
 138 S. Ct. at
 
 1356 ). The Board also emphasized its statutory directive to prescribe regulations for conducting IPR and the Director's obligation to "consider the effect of any such regulation on ... the efficient administration of the Office."
 

 Id.
 

 (quoting
 
 35 U.S.C. § 316
 
 (b) );
 
 see also
 

 37 C.F.R. § 42.1
 
 (b) ("This part shall be construed to secure the just, speedy, and inexpensive resolution of every proceeding.").
 

 The Board considered the merits of the previously non-instituted grounds and found that BioDelivery had not "establish[ed] a reasonable likelihood of success in relation to those claims and grounds."
 

 Id.
 

 at 7
 
 . "Because the overwhelming majority of unpatentability grounds presented by Petitioner fail to meet the standard for institution of
 
 inter partes
 
 review, [the Board found] that instituting trial as to those grounds at this time is neither in the interest of the efficient administration of
 the Office, nor in the interest of securing an inexpensive resolution of this proceeding."
 

 Id.
 

 Although BioDelivery argued that the finality requirement of § 314(d) prohibited the Board from reconsidering its decisions to institute, the Board rejected that argument and noted that it has previously reconsidered institution decisions and terminated IPR proceedings without issuing a final decision.
 

 Id.
 

 at 8-10 (citing
 
 Medtronic, Inc. v. Robert Bosch Healthcare Sys., Inc.
 
 ,
 
 839 F.3d 1382
 
 , 1386 (Fed. Cir. 2016) ;
 
 GTNX, Inc. v. INTTRA, Inc.
 
 ,
 
 789 F.3d 1309
 
 , 1313 (Fed. Cir. 2015) ). In applying
 
 SAS
 
 and making the "binary choice" to either institute review or not, the Board reevaluated the petitions and declined to institute.
 
 Id.
 
 at 10 (quoting
 
 SAS
 
 ,
 
 138 S. Ct. at
 
 1355 ).
 

 BioDelivery then filed these appeals of the Board's decisions on remand.
 

 DISCUSSION
 

 Section 314(a) of the Leahy-Smith America Invents Act provides that
 

 [t]he Director
 
 [1]
 
 may not authorize an inter partes review to be instituted unless the Director determines that the information presented in the petition filed under section 311 and any response filed under section 313 shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.
 

 35 U.S.C. § 314
 
 (a) (footnote added). Subsection (a) identifies a threshold requirement that must be met before the Director is even authorized to institute review, and then "grants the Director discretion not to institute even when the threshold is met."
 
 Wi-Fi One, LLC v. Broadcom Corp.
 
 ,
 
 878 F.3d 1364
 
 , 1372 (Fed. Cir. 2018) (citing
 
 Cuozzo Speed Techs., LLC v. Lee
 
 , --- U.S. ----,
 
 136 S. Ct. 2131
 
 , 2140,
 
 195 L.Ed.2d 423
 
 (2016) ). In other words, the Director is limited in his power to institute review but has discretion to not institute review even when the threshold showing is met.
 
 See
 

 Saint Regis Mohawk Tribe v. Mylan Pharm. Inc.
 
 ,
 
 896 F.3d 1322
 
 , 1327 (Fed. Cir. 2018) ("While he has the authority not to institute review on the merits of the petition, he could deny review for other reasons such as administrative efficiency ...."),
 
 cert. denied
 
 , --- U.S. ----,
 
 139 S. Ct. 1547
 
 ,
 
 203 L.Ed.2d 712
 
 (2019).
 

 In
 
 SAS
 
 , the Supreme Court held that the Patent Office exceeded its statutory authority by limiting its review to fewer than all of the claims challenged in the IPR petitions.
 
 SAS
 
 ,
 
 138 S. Ct. at 1359-60
 
 . The Court said that § 314 "indicates a binary choice-either institute review or don't."
 

 Id.
 

 at 1355
 
 .
 

 In
 
 PGS
 
 , we recognized the Court's holding "that the IPR statute does not permit a partial institution on an IPR petition."
 
 PGS Geophysical AS v. Iancu
 
 ,
 
 891 F.3d 1354
 
 , 1359 (Fed. Cir. 2018). We stated that under
 
 SAS
 
 , the statute "require[s] a simple yes-or-no institution choice respecting a petition, embracing all challenges included in the petition."
 

 Id.
 

 at 1360
 
 . In our
 
 Remand Order
 
 in this case, we also recognized that "the statute does not permit a partial institution leading to a partial final written decision."
 
 Remand Order
 
 ,
 
 898 F.3d at 1208
 
 (quoting
 
 Medtronic, Inc. v. Barry
 
 ,
 
 891 F.3d 1368
 
 , 1371 n.1 (Fed. Cir. 2018) ).
 

 Section 314(d) plainly states that the Patent Office's decision whether to institute IPR is not appealable.
 
 See
 

 Cuozzo
 
 ,
 
 136 S. Ct. at 2139
 
 . As the Board recognized, we have previously held that under § 314(d), "[t]he Board's vacatur of its institution decisions and termination of the proceedings constitute decisions whether to institute inter partes review and are therefore 'final and nonappealable.' "
 
 Medtronic,
 

 839 F.3d at 1383
 
 (quoting
 
 35 U.S.C. § 314
 
 (d) );
 
 see also
 

 GTNX
 
 ,
 
 789 F.3d at 1313
 
 .
 

 Although BioDelivery argues to the contrary, there is no requirement that once instituted, IPRs must proceed through final written decisions. Indeed, § 318(a) on its face provides that a "proceeding can be 'dismissed' after it is instituted."
 
 Medtronic
 
 ,
 
 839 F.3d at 1385
 
 . We have also recognized that "administrative agencies possess inherent authority to reconsider their decisions, subject to certain limitations, regardless of whether they possess explicit statutory authority to do so."
 

 Id.
 

 (quoting
 
 Tokyo Kikai Seisakusho, Ltd. v. United States
 
 ,
 
 529 F.3d 1352
 
 , 1360 (Fed. Cir. 2008) ). Nothing "clearly deprives" the Board from exercising that inherent, "default authority" here.
 

 Id.
 

 at 1385-86
 
 (quoting
 
 GTNX
 
 ,
 
 789 F.3d at
 
 1313 ).
 

 Despite the "strong presumption in favor of judicial review" when interpreting statutes, Congress clearly intended to bar review of institution decisions in at least some circumstances by passing the "No Appeal" provision- § 314(d). "[W]here a patent holder merely challenges the Patent Office's 'determin[ation] that the information presented in the petition ... shows that there is a reasonable likelihood' of success 'with respect to at least 1 of the claims challenged,' ... § 314(d) bars judicial review."
 
 Cuozzo
 
 ,
 
 136 S. Ct. at 2142
 
 .
 

 We have such a case here; BioDelivery's appeals merely challenge the Board's determination
 
 not
 
 to institute review, something the Board has discretion to do even upon a showing that there is a "reasonable likelihood of success with respect to at least 1 claim challenged" in the petition. As in
 
 Medtronic
 
 , we would be "strained to describe" these decisions to modify the Board's previous institution decisions and deny institution on remand " 'as anything but a "determination ... whether to institute" proceedings-statutory language that is not limited to an
 
 initial
 
 determination to the exclusion of a determination on reconsideration.' "
 
 839 F.3d at 1386
 
 (quoting
 
 GTNX
 
 ,
 
 789 F.3d at
 
 1312 ). "[S]uch a decision is 'final and nonappealable.' "
 

 Id.
 

 (quoting
 
 GTNX
 
 ,
 
 789 F.3d at
 
 1312 ).
 

 In this case, the Board initially erred under
 
 SAS
 
 by instituting partial review instead of making yes-or-no institution decisions. In following our
 
 Remand Order
 
 to "implement
 
 SAS
 
 ," the Board corrected its partial institution errors by revisiting its institution decisions and properly exercising its discretion not to institute review at all. Nothing in our
 
 Remand Order
 
 divested the Board of that discretion.
 

 Alternatively, the Board could have implemented
 
 SAS
 
 by revisiting its institution decisions and deciding to institute review on all challenges raised in the petitions. This course of action would have required the Board to conduct full trial proceedings on all challenges, including supplemental briefing, additional discovery, and further oral argument.
 
 See Guidance on the Impact of SAS on AIA Trial Proceedings
 
 , U.S. Patent & Trademark Office (Apr. 26, 2018), https://www.uspto.gov/patents-application-process/patent-trial-and-appeal-board/trials/guidance-impact-sas-aia-trial.
 

 These additional proceedings would have related to the fourteen additional challenges that the Board determined did not meet the threshold standard for institution in the first place and would have likely led to the same outcome.
 

 Undertaking such proceedings would contravene the Director's statutory charge to consider the efficiency of the Patent Office in conducting IPR proceedings.
 
 See
 

 35 U.S.C. § 316
 
 (b). It would also contravene the Director's own regulations promulgated pursuant to that statutory charge, which require the Patent Office to "secure the just, speedy, and inexpensive resolution of every proceeding."
 
 37 C.F.R. § 42.1
 
 (b).
 

 Here, the Board's orders on remand modifying its previous institution decisions constitute the Board's (1) determination of whether the information presented in the petitions shows that there is a reasonable likelihood of success with respect to at least 1 of the claims challenged, and (2) exercise of its discretion whether to institute IPR. Section 314(d) bars judicial review of both aspects of the Board's decisions.
 
 Cuozzo
 
 ,
 
 136 S. Ct. at 2142
 
 .
 

 Accordingly,
 

 IT IS ORDERED THAT :
 

 The above-captioned appeals are dismissed.
 

 The Director has delegated the authority on whether to institute review to the Board.
 
 37 C.F.R. § 42.4
 
 (a).