# United States Court of Appeals
# for the Federal Circuit

---

**ATLANTA GAS LIGHT COMPANY,**
*Appellant*

**v.**

**BENNETT REGULATOR GUARDS, INC.,**
*Appellee*

---

2021-1759

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2015-00826.

---

Decided: May 13, 2022

---

JOSHUA NATHANIEL MITCHELL, King & Spalding LLP, Washington, DC, argued for appellant. Also represented by JEFFREY S. BUCHOLTZ; RUSSELL BLYTHE, HOLMES J. HAWKINS, III, Atlanta, GA.

WAYNE D. PORTER, JR., Law Offices of Wayne D. Porter, Jr., Brecksville, OH, argued for appellee.

---

Before NEWMAN, LOURIE, and STOLL, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* STOLL.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

STOLL, *Circuit Judge.*

This case from the United States Patent Trial and Appeal Board returns to us for a third time.  In its final written decision, the Board, in the underlying inter partes review proceeding, rejected patent owner Bennett Regulator Guards, Inc.'s argument that petitioner Atlanta Gas Light Company was time barred from petitioning for inter partes review under 35 U.S.C. § 315(b).  It then determined that the challenged claims were unpatentable over the prior art.  Bennett appealed.  In that first appeal, we disagreed with the Board's time-bar determination, holding that Atlanta Gas should have been barred; vacated the Board's unpatentability determination; and remanded with directions to dismiss the IPR and to further consider a sanctions order that the Board had not yet finalized.

Before the Board acted on our mandate, however, the Supreme Court held that time-bar determinations were unreviewable in *Thryv, Inc v. Click-To-Call Technologies, LP*, 140 S. Ct. 1367 (2020), and vacated our decision overruling the Board's time-bar determination.  On remand from the Supreme Court, we affirmed the Board's unpatentability determination on the merits (while saying nothing about the time bar) and again remanded for the Board to reconsider and finalize its order regarding sanctions.

On remand from this court, the Board terminated the proceeding due in part to its reconsideration of its decision on the time bar.  Atlanta Gas appeals.  We conclude that we lack jurisdiction to review the Board's decision to vacate its institution decision, a decision it made based in part on its evaluation of the time bar and changed Patent and Trademark Office policy.  Accordingly, we dismiss Atlanta Gas's appeal for lack of jurisdiction.

BACKGROUND

Bennett is the assignee of the patent-at-issue—U.S. Patent No. 5,810,029. The '029 patent is directed to an anti-icing device for a gas pressure regulator. Bennett sued Atlanta Gas, a distributor of natural gas in Georgia, for infringement of the '029 patent. J.A. 628–30. Atlanta Gas was served with the complaint on July 18, 2012. *Id.*; *see also* J.A. 2645. Ultimately, that litigation was dismissed without prejudice for lack of personal jurisdiction. J.A. 295.

On July 18, 2013, exactly one year after Bennett served Atlanta Gas with the complaint, Atlanta Gas filed an IPR petition requesting review of the '029 patent. J.A. 2645. That IPR was instituted and litigated through oral hearing, awaiting only the final written decision from the Board. *See Atlanta Gas Light Co. v. Bennett Regul. Guards, Inc.*, No. IPR2013-00453 (P.T.A.B.). Before a final written decision was issued, however, the Board vacated its institution decision and terminated the IPR because Atlanta Gas failed to list all real parties-in-interest (RPIs) in its petition, as required by 35 U.S.C. § 312(a)(2). J.A. 2644–60. Specifically, the Board found that Atlanta Gas failed to list its parent company, AGL Resources (AGLR). Because the Board found AGLR to be "so intertwined" with Atlanta Gas that it should have been listed as an RPI, but it was not, the Board terminated the proceeding without reaching a final written decision on the merits. J.A. 2654. Atlanta Gas requested rehearing of that decision but was denied. J.A. 2666–83; J.A. 2684–93. That decision was not appealed.

After the termination of its first IPR, Atlanta Gas filed another IPR petition on February 27, 2015, challenging the '029 patent claims on substantially the same unpatentability grounds. *See Atlanta Gas Light Co. v. Bennett Regul. Guards, Inc.*, No. IPR2015-00826 (P.T.A.B.). This time, the petition described AGLR as "in privity" with Atlanta Gas

and, "out of an abundance of caution," Atlanta Gas identified AGLR as an RPI. J.A. 63. This second IPR proceeding is the basis of the current appeal.

The Board instituted the IPR and issued a final written decision in August 2016. *Atlanta Gas Light Co. v. Bennett Regul. Guards, Inc.*, No. IPR2015-00826, 2016 WL 8969209 (P.T.A.B. Aug. 19, 2016). Throughout the proceeding, Bennett argued that the petition was time barred under 35 U.S.C. § 315(b), but the Board ultimately disagreed. Because the district court dismissed the action without prejudice, the Board treated the district court complaint as if it had never been filed. *Id.* at *5–6. This was consistent with the Patent and Trademark Office's understanding of § 315(b)'s time bar at that time. On the merits, the Board concluded that the claims at issue were unpatentable. *Id.* at *13–18.

After the final written decision issued, Bennett learned of a corporate merger involving Atlanta Gas's parent company, AGLR, that had not been disclosed to the Board. The merger occurred after the oral hearing but before the Board's final written decision. J.A. 14–15. Bennett raised this issue to the Board on a conference call, after which one of the administrative patent judges on the panel recused himself. J.A. 15. The panel ordered Atlanta Gas to file an updated mandatory notice listing all RPIs. Atlanta Gas complied and, as it had done with AGLR in its IPR petition, listed the new entities as being "in privity" with Atlanta Gas and identified them as RPIs "out of an abundance of caution." J.A. 712.

Bennett then moved for sanctions, asking the Board to terminate the proceeding and award "compensatory expenses and attorney fees." J.A. 723. The Board agreed that sanctions were warranted for Atlanta Gas's failure to timely update its RPIs, but it granted only monetary sanctions—costs and fees incurred between the final written decision and the sanctions decision. J.A. 17–19. Thereafter,

Bennett filed a motion detailing its costs and fees for that specified period, and Atlanta Gas filed an opposition. Around the same time, both parties appealed to our court. The Board did not finalize its sanctions decision before the appeal.

In the first appeal before this court, we disagreed with the Board's interpretation of § 315(b), which assumed that the one-year limitation to file an IPR petition reset when a complaint was dismissed without prejudice. *Bennett Regul. Guards, Inc. v. Atlanta Gas Light Co.*, 905 F.3d 1311, 1314–15 (Fed. Cir. 2018) (*Bennett I*). Following our then-binding precedent in *Click-To-Call Technologies, LP v. Ingenio, Inc.*, 899 F.3d 1321 (Fed. Cir. 2018), we held that Atlanta Gas's petition was time barred because it was filed more than one year after Atlanta Gas was served with a complaint alleging patent infringement, even though the complaint was later dismissed without prejudice. *Bennett I*, 905 F.3d at 1315. Accordingly, we vacated the Board's decision and remanded to terminate the proceeding without reaching the unpatentability merits. We noted that the Board's sanction order might still stand even though we directed the Board to terminate the underlying proceeding. But because the Board had not yet finalized its sanctions decision (i.e., it had not yet set the amount of monetary sanctions), we remanded for the Board to "further consider its order given the outcome of th[e] appeal" and "quantify any sanctions." *Id.* at 1316.

Before the Board acted on our mandate, the Supreme Court in *Thryv* held that we do not have jurisdiction to review determinations relating to § 315(b)'s time bar because those determinations are intimately related to institution decisions, which are insulated from appeal by the no-appeal bar (35 U.S.C. § 314(d)). 140 S. Ct. at 1373. In other words, the Supreme Court made clear that we lack the power that we thought we had in *Bennett I* to review (and overrule) the Board's determination that the IPR was not time barred.

Because we could no longer review the Board's time-bar determination, on remand from the Supreme Court, we considered the merits of the Board's unpatentability determination. *Bennett Regul. Guards, Inc. v. Atlanta Gas Light Co.*, 825 F. App'x 773 (Fed. Cir. 2020) (*Bennett II*). We affirmed the Board's determinations of unpatentability of all claims of the '029 patent, but we maintained the section regarding sanctions—remanding to "further consider" the order and "quantify any sanctions." *Id.* at 783.

On remand from *Bennett II*, the Board reconsidered its order granting monetary sanctions, but it also considered the Patent and Trademark Office's new policy on the time bar, which had changed since the Board's last determination—the final written decision which issued before the appeal in *Bennett I*. *Atlanta Gas Light Co. v. Bennett Regul. Guards, Inc.*, No. IPR2015-00826, 2021 WL 202800 (P.T.A.B. Jan. 20, 2021) (*Termination Decision*). The Board vacated its institution decision, terminated the proceeding due to the Patent and Trademark Office's policy change on time bar, and declined to award the requested monetary sanctions. The Board explained that "no monetary sanction is warranted because vacatur of the Institution Decision and Final Written Decision, and termination of the proceeding, most effectively resolve the issues on remand by operating as a sufficient sanction while also conforming this Decision to current Office policy" on the time bar. *Id.* at *3.

Atlanta Gas appeals, arguing that we have jurisdiction to hear the appeal under 28 U.S.C. § 1295(a)(4). For the reasons explained below, we disagree and dismiss the appeal for lack of jurisdiction.

## DISCUSSION

Atlanta Gas argues that the Board abused its discretion in terminating the proceeding on remand as a sanction and that the Board's decision violates our mandate in *Bennett II*. Bennett responds that we do not have jurisdiction

to review the Board's termination decision due to the "No Appeal" bar of 35 U.S.C. § 314(d).  As explained below, we agree with Bennett that we lack jurisdiction and that the Board's determination was not inconsistent with our mandate.  We address each argument in turn.

I

Atlanta Gas contends that we have jurisdiction to review the Board's decision because it is a final sanctions decision reviewable under 28 U.S.C. § 1295(a)(4)(A).[1] Bennett counters that we lack jurisdiction, citing 35 U.S.C. § 314(d) and the Supreme Court's decision in *Thryv*.  Because we conclude that the Board's termination decision was based in part on its evaluation of the time bar and was not purely a sanctions decision, we conclude that we lack jurisdiction to hear Atlanta Gas's appeal.

The Board's "termination" decision was multifaceted, considering Bennett's requested monetary sanctions based on Atlanta Gas's failures to disclose RPIs and also considering "time-bar issues." *Termination Decision*, 2021 WL 202800, at *1.  As the cover page to the decision suggests, the Board was revisiting its institution decision under § 314, considering the time bar under § 315(a)(1) and (b), and evaluating Bennett's motion for costs and fees under 37 C.F.R. § 42.12.  *Id.*  As the Board itself noted, its decision "terminating [the] proceeding, including vacating [its] Institution Decision and Final Written decision, result[ed] from a holistic evaluation of multiple considerations,"

---

[1]    Atlanta Gas also argues that any discussion in the Board's decision on remand not regarding sanctions violates our mandate in *Bennett II*.  *See, e.g.*, Appellant's Reply Br. 26 (arguing if the Board vacated outside of the context of a sanction "it would plainly have exceeded this Court's mandate").  For the reasons explained in the following section, we disagree.

including "time-bar issues" and "the development of both the law and Office policy on those issues over the course of the proceeding." *Termination Decision*, 2021 WL 202800, at \*3.

Furthermore, the Board's substantive discussion of time-bar considerations was central to its decision. The Board described the "lengthy and complex history of [the] proceeding" including the facts relevant to the time bar and the changes in legal precedent and the Patent and Trademark Office's policy. *Id.* at \*1. The Office's new policy adopts the view of the time bar that we applied in *Bennett I*, which was based on our prior precedent, *Click-To-Call* (vacated by *Thryv*). *Termination Decision*, 2021 WL 202800, at \*3–4 (citing *Microsoft Corp. v. Parallel Networks Licensing, LLC*, No. IPR2015-00483, 2020 WL 5803053, at \*2–3 (P.T.A.B. Sept. 29, 2020) (describing this history in more detail)). Specifically, the new policy treats the service of a complaint on a petitioner (or its RPIs or privies) as starting the time-bar clock, regardless of whether the district court action was subsequently dismissed without prejudice. *Id.*

Even Atlanta Gas acknowledges that time-bar issues were at the core of the Board's decision. For instance, it argues "the Board's real reason for choosing termination" was to "align this case with 'Office-policy developments' on a time-bar issue." Appellant's Br. 5 (quoting *Termination Decision*, 2021 WL 202800, at \*3); *see also* Appellant's Reply Br. 23 ("[T]he only thing that can explain the Board's termination order is that the Board saw this Court's sanctions remand as an opportunity to align this case with the Board's new time-bar policy."). Thus, we cannot conclude that the Board's decision was purely a sanctions decision over which we ordinarily would have jurisdiction.

The fact that the Board's termination decision occurred on remand from our court does not change our conclusion that we lack jurisdiction. The Board retains the inherent

authority to reconsider its decisions. *See GTNX, Inc. v. INTTRA, Inc.*, 789 F.3d 1309, 1313 (Fed. Cir. 2015) (citing *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1360 (Fed. Cir. 2008)). And when the Board chooses to vacate its institution decision, even on remand, § 314(d)'s no-appeal bar makes clear that it is outside of our jurisdiction to review. This was illustrated in *BioDelivery Sciences International, Inc. v. Aquestive Therapeutics, Inc.*, 935 F.3d 1362, 1366–67 (Fed. Cir. 2019).

*BioDelivery* involved three IPR proceedings in which the Board had instituted review on only some of the grounds presented by the petitioner (one ground per petition). *Id.* at 1363–64. The Board issued final written decisions in each IPR, rejecting the sole instituted ground of unpatentability and not addressing the non-instituted grounds. *Id.* The petitioner appealed. *Id.* While that appeal was pending, the Supreme Court overruled the Board's practice of partially instituting IPR proceedings. *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348 (2018). Per *SAS*, the Board had only a binary choice to institute or not. *Id.* at 1355. The petitioner in *BioDelivery* moved in this court for a remand to the Board under *SAS*, which we granted before deciding the merits of its appeal. *BioDelivery*, 935 F.3d at 1364.

On remand, the Board modified its institution decisions to instead deny the petitions and terminate the proceedings. *Id.* The Board emphasized certain considerations it must take into account when deciding whether to institute a proceeding, including its discretion to deny institution even if the threshold for institution[2] is

---

2    Section 314 governs institutions of IPRs and states at its "threshold" that the Director may not institute unless "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."

met and its requirement to consider the effect on the "efficient administration of the Office." *Id.* Taking these considerations into account—and looking anew at the petitioner's other grounds, which were not previously instituted—it concluded that denial of institution was appropriate because "the overwhelming majority of unpatentability grounds presented by Petitioner fail[ed] to meet the standard for institution." *Id.* at 1364–65 (quoting the Board's decision).

The petitioner again appealed. We dismissed the appeal for lack of jurisdiction. *Id.* at 1365–67. Like the Board's decision, we noted the Board's "discretion to not institute even when the threshold showing is met," citing reasons such as "administrative efficiency." *Id.* at 1365–66 (quoting *Saint Regis Mohawk Tribe v. Mylan Pharms. Inc.*, 896 F.3d 1322, 1327 (Fed. Cir. 2018)). We then noted that § 314(d) "plainly states that the Patent Office's decision whether to institute IPR is not appealable" and that this includes the Board's vacatur of prior institution decisions. *Id.* at 1366. Accordingly, we concluded that we lacked jurisdiction to review the Board's reconsideration of its institution decision and its discretionary denial of institution, and we dismissed the appeal. *Id.* at 1367.

The facts here are similar. As in *BioDelivery*, this appeal involved a remand from our court for the Board to reconsider certain issues. On remand, the Board analyzed considerations that are uniquely within its discretion to consider—time-bar policy here, and "efficient administration of the Office" in *BioDelivery*, *id.* at 1364–65. As in *BioDelivery*, "we would be strained to describe these decisions to modify the Board's previous institution decisions and deny institution on remand as anything but a 'determination whether to institute' proceedings—statutory language that is not limited to an initial determination to the exclusion of a determination on reconsideration." *Id.* at 1366 (quoting 35 U.S.C. § 314(d)) (cleaned up). Accordingly, the result is as it was in *BioDelivery*: the Board's termination

decision on remand, which depends on its analysis of § 315(b)'s time bar and changed Patent and Trademark Office policy related thereto, is final and nonappealable.

Our conclusion that we lack jurisdiction to review the Board's termination decision does not end our inquiry, however, as Atlanta Gas also argues that the termination decision violates our mandate in *Bennett II*.

II

Atlanta Gas argues that any portions of the Board's termination decision that were not focused on the "narrow purpose" of "quantify[ing] its sanctions award" violates our mandate in *Bennett II*. Appellant's Br. 43–44 (quoting *Bennett II*, 825 F. App'x. at 775, 783). We disagree.

Our interpretation of our own mandate is a question of law reviewed de novo. *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 950 (Fed. Cir. 1997). Under the mandate rule, "[o]nly the issues actually decided—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration." *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999).

Atlanta Gas argues that the Board's termination has the effect of "revers[ing]" our determination in *Bennett II*—which affirmed the unpatentability of the claims of the '029 patent—rendering our opinion merely advisory. Appellant's Reply Br. 19; *see also* Appellant's Br. 42–44. Although the unpatentability issues were locked in on remand by the mandate rule, as Atlanta Gas argues, this does not mean the Board violated the mandate rule by terminating the proceeding for time-bar reasons. The Board's remand decision did not analyze, criticize, or alter the unpatentability issues decided in *Bennett II*. "Reversing" this court's determination—as Atlanta Gas would have us believe occurred—would have involved the Board disagreeing with our unpatentability decision and changing course on

remand.  There is no indication that the Board had a change of heart regarding the merits.  Indeed, it would make little sense for the Board to disagree with our decision *affirming* the Board's unpatentability determination.  Instead, the Board based its decision to terminate, in part, on time-bar considerations, which we are precluded from reviewing.

Furthermore, our mandate in *Bennett II* did not foreclose the Board from reconsidering its stance on the time bar.  In *Bennett I*, we expressly reached the time-bar issue, reversing the Board.  If that had been the end of the story, the Board would have been precluded from reconsidering the time bar by the mandate rule because we actually decided the issue.  But the Supreme Court vacated our determination following *Thryv*, making clear that such time-bar determinations are outside of our jurisdiction to review.  In accordance with the Supreme Court's direction, our decision in *Bennett II* did not touch the time-bar issue and addressed the unpatentability arguments on the merits.  We said nothing about the time bar because we could not say anything.  Moreover, the Board retains "inherent authority" to reconsider its decisions regarding institution, *GTNX*, 789 F.3d at 1313, including after a remand from our court, *BioDelivery*, 935 F.3d at 1366.  Thus, the Board permissibly took its first opportunity to reconsider its application of the time bar on remand after *Bennett II*.

Although we disagree with Atlanta Gas that the Board violated our mandate in *Bennett II*, we recognize that the result here is unusual and would be inappropriate in most cases.  Typically, cases are not terminated on remand after the merits have been affirmed.  But this result is not problematic in this specific case.  Here, contrary to Atlanta Gas's arguments, *see, e.g.*, Appellant's Reply Br. 26, there is no concern about "shenanigans."  As discussed above, we *agreed* with the Board's merits determination and *affirmed* its decision on that front, so it would be hard to understand why the Board would seek to nullify our opinion other than

for appropriate reasons. And we see nothing that indicates the Board was seeking to subvert the mandate by using the time-bar determination as a pretext. We note that, depending on the evidence presented, such a case could be considered "shenanigans," which would be reviewable under the Administrative Procedure Act or on mandamus review. *See Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 275 (2016) (suggesting "shenanigans" would be reviewable under 35 U.S.C. § 319 and under the APA); *see also Sling TV, L.L.C. v. Realtime Adaptive Streaming LLC*, 840 F. App'x 598, 599 (Fed. Cir. 2021) (indicating we would have jurisdiction to consider, in extraordinary circumstances, a mandamus petition challenging a decision to deinstitute) (citing *Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1379–80 (Fed. Cir. 2021)).[3]

Accordingly, we conclude that the Board's termination decision did not violate our mandate in *Bennett II*. Although the outcome here is that the merits determination became moot in light of the Board's time-bar reconsideration, Atlanta Gas has not persuaded us that the Board did so for reasons that would allow our review.

---

[3]    On the penultimate page of Atlanta Gas's reply brief, it requests that we treat its appeal as a petition for a writ of mandamus. This request is too late, being brought for the first time in reply, and too little, being asked in a footnote. *Norman v. United States*, 429 F.3d 1081, 1091 n.5 (Fed. Cir. 2005) ("Arguments raised for the first time in a reply brief are not properly before this court."); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) ("[A]rguments raised in footnotes are not preserved.").

14   ATLANTA GAS LIGHT CO. v. BENNETT REGUL. GUARDS, INC.

CONCLUSION

We conclude that we lack jurisdiction to review the Board's termination decision vacating its institution decision based, in part, on its consideration that the proceeding should have been time barred from the outset. We have considered Atlanta Gas's other arguments and find them without merit.

**DISMISSED**

# United States Court of Appeals
# for the Federal Circuit

---

**ATLANTA GAS LIGHT COMPANY,**
*Appellant*

**v.**

**BENNETT REGULATOR GUARDS, INC.,**
*Appellee*

---

2021-1759

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2015-00826.

---

NEWMAN, *Circuit Judge*, dissenting.

The PTAB's sanctions order is not excluded from the appellate jurisdiction of the Federal Circuit, as the panel majority holds. Our appellate jurisdiction of PTAB decisions is set by statute; no exception excludes the appeal of a sanctions order. I respectfully dissent from the majority's ruling that we do not have jurisdiction of this appeal.

## DISCUSSION

The subject patent is U.S. Patent No. 5,810,029 ("the '029 patent"), assigned to Bennett Regulator Guards, Inc. This appeal is from the Patent Trial and Appeal Board's (PTAB) issuance of a Sanctions Order against the inter partes review (IPR) petitioner Atlanta Gas Light Company,

for failure to initially list its corporate parent and all other possible privies as a "real party in interest," as required by 35 U.S.C. § 312(a)(2). In the Sanctions Order on appeal, the PTAB replaced its prior sanction of attorney fees and costs with the sanction of vacatur of the PTAB's final IPR decision and termination of all IPR proceedings.[1]

On appeal, Atlanta Gas states that the sanction of vacatur of the PTAB's final IPR decision holding all the '029 patent claims invalid, and terminating all IPR proceedings, is heavily disproportionate to the asserted offense, and thus is arbitrary and contrary to law and precedent. Atlanta Gas also states that its initial designation of real party in interest conformed with precedent, and that in all events it provided an amended listing to meet the PTAB's objections.

The Sanctions Order is the only issue on appeal. The panel majority holds that we do not have jurisdiction to receive this appeal. Atlanta Gas argues that the award of sanctions is routinely appealable and conforms to the jurisdictional authority of the Federal Circuit for PTAB appeals. Patent owner Bennett responds that the PTAB acted in accordance with law. The panel majority concludes that "we lack jurisdiction to review the Board's termination decision vacating its institution decision based, in part, on its consideration that the proceeding should have been time barred from the outset." Maj. Op. at 14.

I cannot agree that this action is not subject to judicial review. Appellate jurisdiction is fundamental to the processes of law. *See, e.g.*, *Touby v. United States*, 500 U.S. 160, 170 (1991) (Marshall, J., concurring) ("judicial review

---

[1]   *Atlanta Gas Light Co. v. Bennett Regulator Guards, Inc.*, IPR2015–00826, 2021 WL 202800, at *4 (P.T.A.B. Jan. 20, 2021) ("Sanctions Order").

perfects a delegated-lawmaking scheme by assuring that the exercise of such power remains within statutory bounds."); *Zadvydas v. Davis*, 533 U.S. 678, 692 (2001) (the Supreme "Court has suggested, however, that the Constitution may well preclude granting 'an administrative body the unreviewable authority to make determinations implicating fundamental rights.'") (quoting *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 450 (1985)).

Here the agency imposed the sanction of cancellation of extensive administrative proceedings and their final decisions of patent invalidity, which final decisions had been appealed to the Federal Circuit and affirmed with issuance of the mandate on patent invalidity. We surely have jurisdiction to receive appeal of the agency action vacating all these proceedings and decisions, and purportedly including vacatur of decisions of the Federal Circuit. Our appellate jurisdiction is surely within our statutory assignment of judicial review of decisions of the PTAB.

### *The imposed sanction arises from Atlanta Gas' notice listing of real parties in interest*

The only issue on appeal is the Sanctions Order, and all agree that the basis for the sanction is Atlanta Gas' actions relating to the mandatory listing of the real parties in interest. Atlanta Gas summarizes the focus of the debate as to real parties in interest, as follows:

> Just before the Board's Final Written Decision in 2016, AGLC's parent company AGL Resources was involved in a merger and was renamed. Bennett challenged AGLC's mandatory notices before the Board, arguing that (1) AGL Resources' new parent company, The Southern Company, was an RPI, and (2) AGL Resources itself—already listed as an RPI—was a *new* RPI due to its name change.

4   ATLANTA GAS LIGHT COMPANY v. BENNETT REGULATOR GUARDS, INC.

> AGLC pressed numerous meritorious factual arguments that The Southern Company was not an RPI and AGL Resources' name change did not create a new RPI.

Atlanta Gas Br. 1–2 (emphasis in original).  After the PTAB disagreed, Atlanta Gas states that "in an effort to avoid an unnecessary procedural skirmish, AGLC proffered—and the Board accepted—an updated notice 'that out of an abundance of caution and to avoid any dispute over the proper scope of Petitioner's real party-in-interest designation' included The Southern Company along with AGL Resources' name change." *Id.* at 2 (quoting *Updated Mandatory Notice of Atlanta Gas Light Co.*, IPR2015–00826, 4 (P.T.A.B. Sept. 23, 2016) (Appx712).

The PTAB accepted the updated notice, and denied Bennett's request to terminate the IPR.  The PTAB conducted the proceeding and decided the merits of the IPR, holding claims 1–8 of the '029 patent invalid for anticipation or obviousness.  The PTAB announced the imposition of a sanction on Atlanta Gas, based on the cost to Bennett to prosecute the real-party-in-interest issue.  The decision did not quantify the sanction. *Atlanta Gas Light Company v. Bennett Regulatory Guards, Inc.,* IPR 2015-00826 (P.T.A.B. Dec. 6, 2016) (Decision on Patent Owner's Request for Rehearing and Patent Owner's Motion for Sanctions) (Appx 12–33).

Both sides appealed; Bennett argued that the IPR was time-barred, and also appealed the merits of the invalidity decision. Atlanta Gas appealed the still-unquantified sanction.

The Federal Circuit vacated the PTAB's decision on time-bar grounds, stating that "[b]ecause the Board exceeded its authority and contravened § 315(b)'s time bar when it instituted Atlanta Gas' petition, we vacate its final written decision." *Bennett Regulator Guards, Inc. v.*

*Atlanta Gas Light Co.*, 905 F.3d 1311, 1313 (Fed. Cir. 2018) ("*Bennett I*"). As for the sanction, the court remanded to the PTAB for quantification of the monetary amount of Bennett's costs and attorney fees. *Id.* at 1316.

Meanwhile the Supreme Court had granted certiorari in a case that concerned a PTAB time-bar issue. In 2020 the Court decided *Thryv, Inc. v. Click-to-Call Technologies, LP*, 140 S. Ct. 1367 (2020), holding that 35 U.S.C. § 314(d) precludes judicial review of the PTAB's time-bar decision in the institution phase. The Court stated:

> The question before us: Does § 314(d)'s bar on judicial review of the agency's decision to institute inter partes review preclude Click-to-Call's appeal? Our answer is yes. The agency's application of § 315(b)'s time limit, we hold, is closely related to its decision whether to institute inter partes review and is therefore rendered nonappealable by § 314(d).

*Id.* at 1370. The Court required dismissal by the Federal Circuit for lack of appellate jurisdiction.

Based on its decision in *Thryv*, the Supreme Court granted certiorari for the appeal of *Bennett I*, and vacated and remanded our decision. *Atlanta Gas Light Co. v. Bennett Regulator Guards, Inc.*, 140 S. Ct. 2711 (2020) (GVR). The case was remanded to "the Federal Circuit for further consideration in light of *Thryv, Inc. v. Click-to-Call Technologies, LP . . . .*"

The Supreme Court's decision in *Thryv* and the ensuing GVR require attention. In *Thryv* the Court did not hold that all time-bar determinations under 35 U.S.C. § 315(b) are unappealable; the Court held that "institution" decisions containing time-bar issues are unappealable because they relate to institution. *Thryv*, 140 S. Ct. at 1370. However, a sanctions decision does not "expressly govern[] institution and nothing more." *Id.* at 1373.

6    ATLANTA GAS LIGHT COMPANY v. BENNETT REGULATOR GUARDS, INC.

On remand, the Federal Circuit held that since we could not review whether the IPR was time-barred, the merits of the PTAB's invalidity decision remained before us. We then affirmed the PTAB's decision that claims 1–8 of the '029 patent are invalid. *Bennett Regulator Guards, Inc. v. Atlanta Gas Light Co.*, 825 Fed. App'x 773 (Fed. Cir. 2020) ("*Bennett II*"). Our mandate affirmed invalidity and remanded to the PTAB to "quantify any sanctions." *Id.* at 783.

On receiving the remand, the PTAB "modified" its award of monetary sanctions of attorney fees and costs, stating that Bennett's quantification of $96,338.30 "significantly exceeds the range that we contemplated." Sanctions Order at *3. The PTAB then imposed the sanction of vacating all IPR decisions and terminating all IPR proceedings. The PTAB stated that vacatur and termination "most effectively resolve the issues on remand by operating as a sufficient sanction while also conforming this Decision to current Office policy." *Id.* at *4.

Atlanta Gas appeals, arguing that the sanction is disproportionate to the asserted infraction, raising the question of the authority of the PTAB to vacate Federal Circuit final decisions, and stating that this action leaves the '029 patent in "an uncertain state of suspended animation." Atlanta Gas Br. 1. Atlanta Gas requests appellate review and clarification. However, the panel majority holds that we do not have jurisdiction to receive this appeal. I cannot agree.

### *Statute and precedent support Federal Circuit jurisdiction over appeal of the Sanctions Order*

The Federal Circuit plainly has routine appellate jurisdiction over the PTAB's award of sanctions.

The criteria for the award of sanctions are well-established. In *Gerritsen v. Shirai*, 979 F.2d 1524 (Fed. Cir. 1992), this court applied these criteria to the PTAB's award

of sanctions in an interference action.  We stated that "[w]e have jurisdiction pursuant to 35 U.S.C. § 141 and 28 U.S.C. § 1295(a)(4)(A)," and summarized the criteria for review of the PTAB's sanction award:

> [W]e review both a 37 C.F.R. § 1.616 decision to sanction an interference party and the choice of sanction for abuse of discretion.  An abuse of discretion occurs if the Board's decision (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) follows from a record that contains no evidence on which the Board could rationally base its decision.

*Id.* at 1529 (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1022 (Fed. Cir. 1986)).  The *Gerritsen* court affirmed the Board's determination that sanctionable conduct had occurred, but the court also reviewed the substance of the award, and concluded that the sanction of dismissal of the interference proceeding was an abuse of discretion.  *Id.* at 1531–32.

However, the panel majority here holds that we have no jurisdiction to review the PTAB's sanction.  This holding does not comport with precedent, and conflicts with the court's assigned jurisdiction over final decisions of the PTAB.  *See* 35 U.S.C. § 141(c):

> (c)  A party to an inter partes review . . . who is dissatisfied with the final written decision of the Patent Trial and Appeal Board . . . may appeal the Board's decision only to the United States Court of Appeals for the Federal Circuit.

No statute, no precedent, removes sanctions issues from appealability.  I take note that the panel majority, while holding that it does not have jurisdiction of appeal of the termination sanction, also "conclude[s] that the Board's termination decision did not violate our mandate in

*Bennett II*." Maj. Op. at 14. The majority also observes that "the outcome here is that the merits determination became moot," *id.*, although this result is contrary to our mandate in *Bennett II* holding the '029 patent invalid. The majority adds to the contradictions, even while denying jurisdiction.

With this denial of appellate review, the PTAB's sanctions action stands as final, authorizing the PTAB to vacate PTAB final decisions at any time, here restoring the '029 patent to validity despite the Federal Circuit's affirmance of invalidity. Yet the panel majority holds that "we lack jurisdiction to review the Board's termination decision." *Id.*

In addition to 35 U.S.C. § 314(c), shown *ante*, Federal Circuit jurisdiction is assigned in 28 U.S.C. § 1295(a)(4)(A):

> (a) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . .

> (4) of an appeal from a decision of—(A) the Patent Trial and Appeal Board of the United States Patent and Trademark Office . . . .

The right of judicial review of decisions of administrative agencies has long been recognized. *See, e.g.*, *St. Joseph Stock Yards Co. v. United States*, 298 U.S. 38, 84 (1936) (Brandeis, J., concurring) ("The supremacy of law demands that there shall be opportunity to have some court decide whether an erroneous rule of law was applied and whether the proceeding in which facts were adjudicated was conducted regularly. To that extent, the person asserting a right, whatever its source, should be entitled to the independent judgment of a court on the ultimate question of constitutionality.").

Today there is rich precedent treating access to judicial review of agency action, amid the complexities and congestion of the administrative state. Here, however, statutory

assignment of jurisdiction resolved the public and private interests intended to be served. This context applies to the theory on which the panel majority appears to base its decision, that is, that here there was a time-bar issue. The majority states that "the outcome here is that the merits determination became moot in light of the Board's time-bar reconsideration." Maj. Op. at 14. On that basis, the majority accepts that the Federal Circuit's decision affirming invalidity of the '029 patent is "nullif[ied]." Maj. Op. at 13 ("[I]t would be hard to understand why the Board would seek to nullify our opinion other than for appropriate reasons."). Yet throughout its opinion the majority refers to the "unpatentability" of the '029 patent. Maj. Op. at 2, 4, 6, 11, 12. These aspects warrant resolution, reinforcing, rather than negating, the jurisdictional obligation of the Federal Circuit.

Here, after extensive administrative and Federal Circuit review, the efficiency intended by the America Invents Act is obscured. The aspects remaining on appeal cry for resolution, not denial of jurisdiction.

CONCLUSION

The appropriate path is to accept our jurisdiction of this appeal and to decide the merits of the question on appeal, *viz.*, whether the PTAB acted reasonably and in accordance with law, in its choice of sanction for Atlanta Gas' handling of the real-party-in-interest issue. The PTAB's ruling is flawed, and warrants appellate attention. From my colleagues' holding that we have no jurisdiction to receive this appeal, I respectfully dissent.